GARRISON, Judge.
The plaintiffs, Bill Quinlan, Pat Quinlan, Lennard Lapuyade, Johanna Lapuyade, Fa-bio J. Canton, on behalf of and/or Michael McCullar, F. King McGoey, Karen McGoey, Justin J.W. Hendricks and Matthew F. Rice, Jr., on behalf of his minor son, Bryan M. Rice, filed this lawsuit against Liberty Bank and Trust Company and St. Paul Insurance Company, the insurer of the officers and directors of Liberty Bank and Trust, for damages resulting from the alleged mishandling of accounts managed by Rehm Winters, an officer of Liberty Bank & Trust and a partner in a business venture with plaintiffs. In 1986, all of the plaintiffs except Matthew Rice became limited partners in a Louisiana limited partnership known as In Rehm and Associates of which Rehm Winters was the general partner. According to plaintiffs, all of the partners deposited funds into an account at Liberty Bank and Trust which was to be invested by Winters in securities on a non-margin basis. Funds were subsequently tendered by Matthew Rice to Winters to be utilized in the same type of investment created for the other plaintiffs.
Plaintiffs allege that in 1987, Winters comingled their funds with other funds which were being invested on a margin basis in the futures market. As a result, substantial losses were allegedly sustained by the plaintiffs. According to plaintiffs, Winters, as an officer of Liberty Bank and Trust, breached his fiduciary duty to them by allowing their funds to be comingled with funds invested on a margin basis without their knowledge or consent.
Defendant St. Paul Insurance Company filed exceptions of no right of action and no cause of action arguing that plaintiffs have no right of action against St. Paul Insurance under the Louisiana Direct Action Statute, LSA-R.S. 22:655[1] and, alternatively, that plaintiffs’ petition fails to state a cause of action against St. Paul Insurance. The trial judge granted the exception of no right of action and dismissed plaintiffs’ direct action against St. Paul Insurance Company with prejudice finding that the Louisiana Direct Action Statute does not apply to the claims asserted by plaintiffs in this matter. That trial court judgment did not address the exception of no cause of action.
Plaintiffs now appeal arguing that the trial judge erred in maintaining the exception of no right of action filed by St. Paul Insurance Company. The plaintiffs argue that the officers and directors insurance policy at issue is a liability insurance policy and not strictly an indemnification policy with no available third party direct right of action as argued by St. Paul Insurance Company.
By its terms, the Direct Action Statute, LSA-R.S. 22:655, applies only to policies or contracts of liability insurance. In Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987), the Louisiana Supreme Court outlined the difference between an indemnity agreement and a general liability insurance policy as follows:
“A cause of action under a liability insurance policy accrues when the liability attaches. Appleman, Insurance Law and Practice (Buckley ed.) § 4261 ... On the other hand, an indemnity agreement does not render the indemnitor liable until the indemnitee actually makes payment or sustains loss. BLACKS LAW DICTIONARY 692-93 (5th ed. 1979); Appleman, Insurance Law and Practice (Buckley ed.) §§ 4261, 6668.”
A careful analysis of the insurance policy in question reveals that it is an indemnity policy and that the trial judge correctly determined that the Louisiana Direct Ac *1142 tion Statute is inapplicable in this case. The portion of this policy dealing with coverage states as follows:
This Policy shall, subject to its terms, conditions and limitations, pay on behalf of:
A. CORPORATE INDEMNIFICATION — The insured (as defined in Insuring Agreement II B 1) because of claims(s) made against the Insured’s Directors or Officers, (as defined in Insuring Agreement II A) jointly and severally, and caused by any negligent act, any error, any omission or any breach of duty while acting in their capacity as such or any matter claimed against them solely by reason of their being directors or officers which the Insured (as defined in Insuring Agreement II B 1) may be required or permitted to pay as indemnities due the defined Directors or Officers for “Loss” as defined in Condition 1 A.
B. DIRECTORS’ AND OFFICERS’ LIABILITY — The Insured (as defined in Insuring Agreement II B 2) because of any claim(s) made against them, jointly or severally, for “Loss” (as defined in Condition 1 B) and caused by any negligent act, any error, any omission or any breach of duty while acting in their capacities as Directors or Officers or any matter claimed against them solely by reason of their being Directors or Officers.
In the section listing the conditions of this policy, the subsection titled “Loss Payable” states as follows:
Recovery under this contract in respect to claim or loss arising out of any occurrences covered hereunder shall not be made unless and until the Insured’s liability has either been rendered fixed and certain by final judgment or admitted by the Company in writing; but in no event shall recovery be made hereunder unless proof of claim is made upon the Company within ninety (90) days after final judgment or admission.
It is not the intention of this Policy that it shall operate as or be construed to be additional insurance. The Company shall not be required to pay any portion of its coverage unless and until the Insured has actually and in fact paid to the claimant or claimants the full limit of its retention. Proof of payment by the Insured of its full liability shall be a condition precedent to any and all liability and claim against the Company under this contract.
The language in the “Loss Payable” provision clearly provides that full discharge of liability by the insured is a condition precedent to recovery under the policy in question. Furthermore, the “Action Against Company” clause of this policy reinforces the requirement that discharge of liability by the insured is a condition precedent to recovery under this policy. That clause states in part:
“No action shall lie against the Company, unless as a condition precedent thereto, the Insured shall have fully complied with the terms of this contract.”
The requirement of discharge of liability as a condition precedent to recovery under the St. Paul insurance policy in question clearly indicates that this policy is an indemnity policy and not a general liability policy. Therefore, this policy is not within the scope of the Louisiana Direct Action Statute and the trial court correctly concluded that the appellants are precluded from asserting a direct right of action against St. Paul Insurance Company in this case.
Appellants also challenge appellees’ assertion, made in support of their exception of no right of action, that the direct action statute is not available to appellants because the basis of their claim is a breach of a contractual relationship. Appellees cited cases stating that the direct action statute only applies to tort claims. Appellants claim that their petition alleges acts and/or omissions which may constitute liability in tort and contract, thereby making the direct action statute available to them.
Regardless of whether or not appellants’ contention that their claim sounds in tort *1143 and contract is meritorious, that issue need not be addressed in this case in light of our determination that appellants have no right of action against St. Paul Insurance because the policy in question is an indemnity policy thereby excluding it from the scope of the direct action statute. Furthermore, appellants’ argument that their petition states a cause of action is equally irrelevant because not only did the trial court not rule on that exception, the fact remains that appellants have no right of action against St. Paul Insurancé thereby mandating St. Paul Insurance Company’s dismissal from this lawsuit.
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED.

. LSA-R.S. 22:655 states, in part:
"No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors mentioned in Revised Civil Code Article 2315, or heirs against the insurer."