602 So.2d 790 (1992)
John Joseph RANDALL
v.
LLOYD'S UNDERWRITER'S AT LONDON.
No. 92-C-0489.
Court of Appeal of Louisiana, Fourth Circuit.
July 16, 1992.
Jeffrey Raines, Sacks & Eason, Metairie, for defendants-relators.
George W. Byrne, Jr., Law Offices of Randy J. Ungar, New Orleans, for plaintiff-respondent.
Before CIACCIO, ARMSTRONG and PLOTKIN, JJ.
*791 ARMSTRONG, Judge.
We grant certiorari to consider the correctness of the trial court's ruling denying defendant-relator's, Lloyd's Underwriters at London ("Lloyd's"), exceptions of no right and no cause of action.
On or about April 15, 1985, plaintiff-respondent, John Joseph Randall, while working from a scaffold as a plasterer, came in contact with electrical wiring installed by M Electric & Construction Company, Inc. ("MECCI"). As a result, plaintiff fell from the scaffolding and sustained serious personal injuries. Plaintiff filed two actions arising out of this accident. The first was a suit for personal injuries filed against MECCI on August 23, 1985. On July 29, 1988, plaintiff filed an amended and supplemental petition naming Lloyd's as a defendant. At trial of that case plaintiff apparently failed to present proof of coverage, and judgment was rendered against MECCI alone. The trial court subsequently granted plaintiff's request for new trial.
In his second action, entitled "Petition for Breach of Contract," plaintiff named Lloyd's as the sole defendant, and claimed that Lloyd's, as MECCI's insurer, had failed and/or refused to pay the judgment claim pursuant to its contractual obligations. It is this second suit which forms the basis for this writ application. In response to plaintiff's contractual claim, Lloyd's filed exceptions of no cause and no right of action, maintaining that: (1) Randall is not a party to the insurance contact; and, (2) Louisiana's Direct Action Statute is inapplicable to suits grounded in contract.
Relator maintains that the district court erred in overruling its exceptions of no cause and no right of action based on the fact that Randall is prohibited from bringing a contractual action directly against Lloyd's.
It is a well-accepted principle in Louisiana jurisprudence that, absent a contrary statutory provision, actions ex contractu cannot be maintained against a party by an individual who is not party thereto. See State ex rel. Guste v. Simoni, Heck and Associates, 297 So.2d 918, 924 (La.App. 1st Cir.1974); Lumber Products, Inc. v. Hiriart, 255 So.2d 783, 787 (La.App. 4th Cir. 1971). In the instant case, there was no privity of contract between Randall and Lloyd's which would give rise to a breach of contract claim against Lloyd's.
The peremptory exception of no right of action raises the question of whether the plaintiff has any interest in judicially enforcing the right asserted. Lambert v. Donald G. Lambert Const. Co., 370 So.2d 1254, 1255 (La.1979). See also La.C.C.P. art. 681. For purposes of deciding the exception of no right of action, it is assumed that a valid cause of action is set forth in the petition. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
In the instant case, plaintiff-respondent has no interest in asserting a cause of action for breach of contract against defendant-relator Lloyd's. The trial court erred in failing to maintain relator's exception of no right of action.
Because we have determined that the trial court erred in failing to maintain relator's exception of no right of action, we need not address the issue of whether Louisiana's Direct Action Statute allows him to maintain a breach of contract action against Lloyd's.
For the foregoing reasons, we reverse the judgment of the trial court, maintain defendant-relator's exception of no right of action, and remand this case for further proceedings.
WRIT GRANTED; REVERSED AND REMANDED.