747 So.2d 593 (1999)
Jules ETIENNE, Sr., Plaintiff-Appellee,
v.
NATIONAL AUTOMOBILE INS. CO. & Carrie Sebastien, Defendants-Appellants.
No. 98-1946.
Court of Appeal of Louisiana, Third Circuit.
June 23, 1999.
Clarifying Decision On Rehearing August 9, 1999.
*594 Bennett Boyd Anderson, Jr., Lafayette, for Jules Etienne, Sr.
Arthur C. Reuter, Jr., New Orleans, for National Automobile Insurance Company.
Before PETERS, AMY and GREMILLION, Judges.
AMY, Judge.
In this tort matter, the defendant law firm appeals the trial court's denial of its peremptory exceptions of prescription and no cause of action. Additionally, the defendant insurer appeals the trial court's determination that coverage was provided under the commercial automobile liability policy it issued to the law firm for the negligence of the law firm's employee. In the alternative, both defendants contend that the damages awarded the plaintiff are excessive. For the following reasons, we reverse and render judgment for the defendants.

Factual and Procedural Background
On February 11, 1994, Carrie Sebastien rear-ended the vehicle driven by Jules Etienne, Sr., the plaintiff. Plaintiff filed suit for his alleged resulting injuries on December 2, 1994, naming as defendants Ms. Sebastien and her automobile liability insurer, National Automotive Insurance Company. On February 8, 1995, Plaintiff filed his first supplemental and amending petition, in which he named American Indemnity Company as an additional defendant, alleging that it "had in full force and effect a policy of insurance insuring defendant, Carrie Sebastien, for all acts complained of." Having settled his dispute with Carrie Sebastien for the available limits of her liability policy with National Automotive Insurance Company,[1] Plaintiff filed, on March 8, 1995, a motion to dismiss with prejudice his suit against Ms. Sebastien and National Automotive only, "fully reserving all of his rights to proceed against the remaining defendant, American Indemnity Company." That motion was granted on the same date. Finally, on February 26, 1997, Plaintiff filed his second supplemental and amending petition, in which he named Morrow, Morrow, Ryan & Bassett (the law firm) as an additional defendant in the instant litigation. He alleged, as the basis of the law firm's liability, that "defendant, Carrie Sebastien, was acting in the course and scope of her employment for [the] defendant [law firm], and, accordingly, ... [the law firm] and its insurer, American Indemnity Company, are liable for acts of negligence by... Carrie Sebastien." In response, the law firm filed peremptory exceptions of prescription and no cause and/or right of action. These exceptions were denied by the trial court on August 27, 1997. After trial on the merits, the trial court made the following factual findings:
Carrie Sebastien, the driver of the other vehicle[,] was the sole cause of the February 11, 1994 accident. At the time of the accident Ms. Sebastien was within the course and scope of the employment with Morrow, Morrow, Ryan and Bassett.
On February 11, 1994 American Indemnity Company had in full force and effect a policy of liability insurance with policy limits of $1,000,000.00 with Morrow, Morrow, Ryan and Bassett as its named insured.
The court awarded Plaintiff $18,000.00 in general damages, $7,661.20 in lost wages, and $8,203.65 in past medical expenses. That award was subject to a credit of $6,666,.66, which amount Plaintiff had previously received in settlement of his claims against Ms. Sebastien and her automobile liability insurer. Defendants appeal that judgment, presenting the following assignments of error for our review:

*595 1. The Trial Court erred in failing to grant defendant's Morrow, Morrow, Ryan and Bassett's, Peremptory Exceptions of Prescription and No Cause of Action.
2. The Trial Court erred in finding coverage under American Indemnity's policy for any negligence attributable to Carrie Sebastien.
3. The Trial Court erred in the amount of damages awarded plaintiff, Jules Etienne, Sr.

Discussion
In support of its position that any claim against it has prescribed, the law firm urges that Plaintiffs "dismissal of all claims against Sebastien with prejudice destroyed any solidary liability which may have existed between Sebastien and [the law firm.]" Accordingly, the law firm contends that Plaintiffs claim against it, made more than three years after the date of the accident, is untimely. However, Plaintiff asserts that the law firm and its auto liability insurer, American Indemnity, are solidary obligors, and that the timely suit against the insurer interrupted prescription as to the law firm, the named insured. Plaintiff also urges that the amendment of the petition to add the law firm as a defendant "relates back"[2] to the timely filed petition.
Upon review, we do not find any of these arguments germane to the instant matter. Rather, we find that appropriate resolution of this case depends upon the interpretation of our direct action statute, La.R.S. 22:655(B)(1), which provides as follows:
The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, such action may be brought against the insurer alone only when:
(a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
(b) The insured is insolvent;
(c) Service of citation or other process cannot be made on the insured;
(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons;
(e) When the insurer is an uninsured motorist carrier; or
(f) The insured is deceased.
The direct action statute was amended by Acts 1989, No. 117, § 2 and Acts 1992, No. 584, § 1. Prior to those amendments, a plaintiff could bring suit against the insurer alone without qualification. Jurisprudence interpreting prior law held that the insured was not required to be named as a party to the suit. See e.g., Johnson v. St. Paul Mercury Ins. Co., 218 So.2d 375 (La. App. 2 Cir.), writ granted, 253 La. 872, 220 So.2d 457 (1969), reversed on other grounds, 256 La. 289, 236 So.2d 216 (La. 1970). Under the current version of the statute, however, suit may be brought against the insurer alone only in the limited circumstances enumerated by the statute. See Dubuclet v. St. Paul Fire & *596 Marine Ins., 94-0708 (La.App. 4 Cir. 12/15/94); 647 So.2d 1344, 1347 n. 1.
Here, suit was brought against the insurer on February 8, 1995, within the applicable one-year prescriptive period. However, for the purposes of the present context, that suit was brought against the insurer alone. Plaintiff did not bring suit against the named insured, the law firm, until February 26, 1997, more than three years after the accident. We cannot conclude that such action is in compliance with the direct action statute's requirements, as neither the record indicates, nor does Plaintiff allege, that any of the circumstances enabling a plaintiff to sue the insurer alone apply in this case.[3] Accordingly, observing that we are authorized to do so, under La.Code Civ.P. art. 927(B), we notice, on our own motion, the nonjoinder of a party by failure to join the insured under the direct action statute.[4] Further, because Plaintiff failed to comply with the direct action statute, the filing of suit against the insurer did not interrupt prescription as to the law firm. Therefore, we hold that Plaintiffs claim against the law firm has prescribed and that the claim against the insurer must be dismissed for failure to join the insured. In light of these findings, we need not address Defendants' other assignments of error.

DECREE
For the foregoing reasons, the judgment of the lower court is reversed. Morrow, Morrow, Ryan & Bassett's peremptory exception of prescription is granted, and Jules Etienne, Sr.'s action against the defendants Morrow, Morrow, Ryan & Bassett and American Indemnity Company is hereby dismissed. Costs associated with this appeal are to be divided equally between the parties.
REVERSED AND RENDERED.
PETERS, J., concurs in the result.

ON REHEARING
AMY, Judge.
By our original opinion dated June 23, 1999, we held that Plaintiffs suit, effectively brought against the insurer alone, did not comply with the Louisiana direct action statute, found at La.R.S. 22:655(B)(1). We further held that, due to Plaintiffs lack of compliance with the direct action statute, filing suit against the insurer did not effectuate the interruption of prescription against the law firm, the named insured under the liability policy. Accordingly, Plaintiffs claim against the law firm had prescribed, and the claim against the insurer was dismissed for failure to join the insured.
The plaintiff, Jules Etienne, Sr., seeks a rehearing in this matter based upon several alleged errors, including his assertion that he did comply with the direct action statute by suing Carrie Sebastien, whom he submits was an "insured" under the policy. Upon review of Plaintiffs contentions, we grant a rehearing in this matter for the limited purpose of clarifying our discussion of the direct action statute.
The direct action statute, La.R.S. 22:655(B)(1), refers to suit against "the insured and insurer," with no limitation that suit be filed against the "named insured." However, the record reveals that Carrie Sebastien was not an "insured" under the policy, as she was driving her personal automobile at the time of the collision and was excluded from liability *597 coverage under the policy by the following exclusion:
1. WHO IS AN INSURED
The following are "insureds":
a. You for any covered "auto."
b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
2. Your employee if the covered "auto" is owned by employee or a member of his or her household.
Therefore, as Ms. Sebastien was driving her own vehicle at the time of the collision, she was specifically excluded from coverage and not an "insured" under the policy, Plaintiffs act of filing suit against her did not constitute compliance with the direct action statute. Although not specifically stated in our original opinion, consideration of this status or lack thereof was encompassed within our first opinion. While we have granted this limited rehearing to clarify this point, our original discussion and disposition remains unchanged.
PETERS, J., concurs, and assigns written reasons.
PETERS, Judge, concurring on rehearing.
In the original opinion rendered in this matter, I concurred in the result reached by the majority but assigned no reasons for my concurrence. On rehearing, the majority issued an opinion clarifying their position in the original opinion. In that opinion, the majority attempted to explain why they concluded that the plaintiff did not comply with the direct action statute, La.R.S. 22:655(B)(1), and how that noncompliance did not interrupt prescription against the law firm of Morrow, Morrow, Ryan & Bassett. Because I conclude that compliance with the direct action statute is not the issue, I find it necessary to explain my concurrence with the trial court's reversal.
To dispose of this litigation, one need consider only the following dates:
February 11, 1994A vehicle driven by the plaintiff, Jules Etienne, Sr. (Etienne), is struck from the rear by a vehicle driven by Carrie Sebastien (Ms. Sebastien). At the time of the accident, Ms. Sebastien is driving her own car but while on an errand for her employer, the law firm of Morrow, Morrow, Ryan & Bassett (the Morrow firm).
December 2, 1994Etienne files suit against Ms. Sebastien and her liability insurer, National Automotive Insurance Company (National Automotive).
February 8, 1995Etienne amends to add American Indemnity Company (American Indemnity) as a party defendant. American Indemnity is the liability insurer of the Morrow firm.
March 8, 1995Etienne files a dismissal of his claims against Ms. Sebastien and National Automotive but reserves his rights to proceed against American Indemnity.
February 26, 1997Etienne amends to add the Morrow firm as a party defendant.
When Etienne added American Indemnity as a party defendant, that action did not interrupt prescription as to the Morrow firm because American Indemnity did not provide coverage for the Sebastien vehicle. In fact, American Indemnity provides basically no coverage unless one is driving the only listed vehicle on the policy.
The policy itself is designated as a "COMMERCIAL LINES POLICY." However, it provides only commercial automobile coverage to the Morrow firm. Under the section designated as "ITEM TWOSCHEDULE OF COVERAGES AND COVERED AUTOS," the policy indicates that it provides the Morrow firm with liability, medical, UM, comprehensive, and collision coverage. Under the section designated as "SECTION ICOVERED AUTOS," a number system from one to nine establishes the amount of coverage. It requires that you refer to ITEM TWO and compare the number found there with the corresponding numbered definition in SECTION I. In this policy, the corresponding *598 number is one. That symbol designates automobile coverage as follows:

A. DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS

SYMBOL DESCRIPTION
1 = ANY "AUTO."
2 = OWNED "AUTOS" ONLY.
3 = OWNED PRIVATE PASSENGER
 "AUTO" ONLY.
4 = OWNED "AUTOS" OTHER THAN
 PRIVATE PASSENGER "AUTOS."
5 = OWNED "AUTOS" SUBJECT TO NOFAULT.
6 = OWNED "AUTOS" SUBJECT TO A
 COMPULSORY UNINSURED MOTORISTS
 LAW.
7 = SPECIFICALLY DESCRIBED "AUTOS."
8 = HIRED "AUTOS" ONLY.
9 = NONOWNED "AUTOS" ONLY.

However, while this section purports to cover any automobile used by the Morrow firm, SECTION II of the policy sets forth those individuals who are covered under the policy for liability insurance purposes:
1. WHO IS AN INSURED
The following are "insureds":
a. You for any covered "auto."
b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(1) The owner or anyone else from whom you hire or borrow a covered "auto." This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
(2) Your employee if the covered "auto" is owned by employee or a member of his or her household.
(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.
(4) Anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered "auto."
(5) A partner of yours for a covered "auto" owned by him or her or a member of his or her household.
c. Anyone liable for the conduct of an "insured" described above but only to the extent of the liability.
Thus, for liability purposes, Ms. Sebastien was not covered under the American Indemnity policy. Because she was not covered, Etienne's joining American Indemnity to the lawsuit as a party defendant in February of 1995 had no affect on the liability of the Morrow firm.
The Morrow firm's only liability is in respondeat superior. Dismissal of Ms. Sebastien from the lawsuit in March 1995 caused prescription to begin to run anew in favor of the Morrow firm. Therefore, Etienne's attempt to amend his action and add the Morrow firm as a party defendant in February 1997 was too late because his action against the Morrow firm had then prescribed.
In reaching this conclusion, I do not find it necessary to address any issue relating to the direct action statute as does the majority. However, the result is the same. The trial court's judgment should be reversed, and judgment should be rendered dismissing the Morrow firm from the litigation.
NOTES
[1] Ms. Sebastien had 10/20 automobile liability coverage through a policy issued by National Automotive Insurance Company. Because Plaintiff's two guest passengers also compromised their claims with Ms. Sebastien by accepting her policy limits, the amount available to Plaintiff was $6,666.66.
[2] In that regard, Plaintiff cites to La.Code Civ.P. art. 1153, which provides as follows: When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
[3] La.Code Civ.P. art. 934 states as follows:

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
[4] We note that the list of peremptory exceptions set forth in La.Code Civ.P. art. 927 is illustrative, rather than exclusive.