799 So.2d 545 (2001)
Nancy FOLTMER, et al.
v.
Billy JAMES, et al.
No. 2001-C-1510.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 2001.
Writ Denied January 4, 2002.
*546 Lawrence J. Duplass, Claire E. Breaux, Magali Puente Martin, Duplass, Zwain, Bourgeois & Morton, Metairie, LA, Counsel for Relator.
Leonard L. Levenson, Pamela M. Wiza, New Orleans, LA, Counsel for Respondents.
Court composed of Judge STEVEN R. PLOTKIN, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, Jr.
PLOTKIN, Judge.
Defendant, St. Paul Fire & Marine Insurance Co., seeks supervisory review of a trial court judgment denying its exception of no right of action against plaintiff, Nancy Foltmer. Ms. Foltmer filed suit in Orleans Parish naming several defendants, including St. Paul and its insured, City of Gretna, seeking recovery of damages incurred in an automobile accident that occurred in the City of Gretna. Ms. Foltmer's claim against the City of Gretna was later transferred to the 24th Judicial District Court for the Parish of Jefferson, pursuant to LSA-R.S. 13:5104(B), which mandates that political subdivisions be sued in the parish in which that political subdivision is located or in the parish in which the cause of action aroseboth Jefferson Parish in this case.
Following the transfer of Ms. Foltmer's claim against the City of Gretna to the 24th Judicial District Court, St. Paul filed an exception of no right of action, citing the Direct Action Statute, LSA-R.S. 22:655(B), which provides as follows:
The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which *547 an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure art. 42 only. However, such action may be brought against the insurer alone only when:
(a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
(b) The insured is insolvent;
(c) Service of citation or other process cannot be made on the insured;
(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons; or
(e) The insured is deceased.
Because none of the conditions allowing a direct action against the insurer alone is present in this case, St. Paul claims that Ms. Foltmer has no right of action.
Prior to the 1989 and 1992 amendments to LSA-R.S. 22:655(B), a plaintiff's right to file a direct action against an insurer alone was completely unqualified. Etienne v. National Automobile Insurance Co., 98-1946, p. 5 (La.App. 3 Cir. 6/23/99), 747 So.2d 593, 596. However, under the current version of the statute, Direct actions against an insurer alone are strictly limited to the five enumerated circumstances. Id. Accordingly, the court held in Etienne that an action against an insurer alone did not meet the procedural requirements of the statute in the absence of evidence of the existence of any of the enumerated circumstances. Id.
In the instant case, Ms. Foltmer does not argue that any of the enumerated circumstances allowing a suit against an insurer alone is present. Rather, she argues that St. Paul's exception of no right of action is simply a disguised exception to venue and that St. Paul waived all exceptions to venue by filing an answer without objecting. However, Ms. Foltmer misunderstands the subtleties of St. Paul's arguments. St. Paul did not object to venue because venue is technically appropriate in Orleans Parish against St. Paul. The problem with Ms. Foltmer's cause of action against St. Paul did not arise until Ms. Foltmer's claim against the City of Gretna had been transferred to another court. As a result of that transfer, Ms. Foltmer's claim against St. Paul in Orleans Parish became a direct action against an insurer alone. Under the circumstances presented by this case, a direct action against an insurer alone is inappropriate under LSA-R.S. 22:655(B) because none of the enumerated circumstances allowing a direct action against the insurer alone exists.
In Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (La.1972), the Louisiana Supreme Court listed two possible questions that can be raised by an exception of no right of action: (1) "whether the plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy," or (2) "whether plaintiff has the right to invoke a remedy which the law extends only conditionally." Id. at 1096, 262 So.2d 328, 252 So.2d at 333. In making that statement, the Louisiana Supreme Court in Babineaux quoted McMahon, "The Exception of No Cause of Action in Louisiana," 9 Tul. L.R. 17, 29-30. The language from Babineaux listing those two questions has been quoted by numerous Louisiana courts. See, e.g., Sharkey's Reef, Ltd. v. Polit, 96-499, p. 3 (La.App. 5 Cir. 1/15/97), 688 So.2d 67, 68; Evans v. Waguespack, 93-1709, p. 4 (La.App. 1 Cir. 6/24/94), 638 So.2d 1153, 1156; Bordelon v. Cochrane, 533 So.2d 82, 85 (La.App. 3 Cir.1988). However, all of the above cases, and the vast majority of other cases dealing with exceptions of no cause of action, *548 have focused on the first question i.e., "whether the plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy." The answer to that first question in the instant case is "yes."
Nevertheless, numerous Louisiana courts have considered exceptions of no right of action raising the issue presented by the instant writ applicationi.e., whether the plaintiff has a right to proceed under the Louisiana Direct Action Statute, LSA-R.S. 22:655(B). For example, in Block v. Ocean Quest International, 94-0624 (La.4/29/94), 637 So.2d 453, the Supreme Court remanded a case to the trial court for an evidentiary hearing on an exception of no right of action "to determine whether the accident occurred in Louisiana or the policy was issued or delivered in this state as required by the Direct Action Statute." Id. at 1; 637 So.2d at 453. This court considered that question in Quinlan v. Liberty Bank & Trust Co., 545 So.2d 1140 (La.App. 4 Cir.1989), in which the court found that the plaintiffs had no right of action against St. Paul Insurance because the Direct Action Statute applies only to liability insurance policies, and the policy in question was not a liability policy. In fact, in Vincent v. Penrod Drilling Co., 372 So.2d 807 (La.App. 3 Cir.1979), the court went so far as to state that a peremptory exception of no right of action is the proper procedural vehicle to challenge a plaintiff's right to bring an action pursuant to the Direct Action Statute, LSA-R.S. 22:655(B). Id. at 810. See, cases cited in Vincent.
Though generally not expressed in the jurisprudence, the question regularly asked by courts considering whether a plaintiff has a right of action under the Louisiana Direct Action Statute is the second question set forth in Babineaux, and its progenyi.e. "whether plaintiff has the right to invoke a remedy which the law extends only conditionally." The fact is that the Direct Action Statute extends a conditional right to file suit, to some parties under some circumstances. The reason the right is conditional is that no privity of contract exists between a plaintiff injured by a tortfeasor and that tortfeasor's insurance company. Clark v. Durbin, 590 So.2d 633, 636 (La.App. 3 Cir. 1991). As indicated by the cases cited above, an injured party obtains a right of action against another person's insurance company only if all the requirements of LSA-R.S. 22:655(B) have been fulfilled. Id. Accordingly, an insurance company that proves that the requirements of LSA-R.S. 22:655(B) have not been fulfilled is entitled to dismissal of the claim against it on an exception of no right of action. Because the requirements for filing a direct action against the insurer only have not been met in the instant case, the trial court improperly denied St. Paul's exception of no right of action.
For the reasons described above, the trial court judgment denying the exception of no right of action is reversed. The exception is granted and Ms. Foltmer's suit against St. Paul is hereby dismissed. However, Ms. Foltmer is granted 60 days in which to amend her suit to remove St. Paul's objection.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED; EXCEPTION OF NO RIGHT OF ACTION GRANTED; CASE REMANDED.