NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-363


JERRY GUYE, III,  AND
GUYE'S CONSTRUCTION

VERSUS

OPELOUSAS HOUSING AUTHORITY AND
BERKLEY INSURANCE COMPANY


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 17-C-4604-A
HONORABLE GREGORY JAMES DOUCET, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**CANDYCE G. PERRET**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of D. Kent Savoie, Candyce G. Perret, and Charles G. Fitzgerald, Judges.


**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

**Pride J. Doran**
**Quincy L. Cawthorne**
**Corrie R. Gallien**
**Doran & Cawthorne, P.L.L.C.**
**Post Office Box 2119**
**Opelousas, LA   70571**
**(337) 948-8008**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Jerry Guye, III**
     **Guye's Construction**

**Robert I. Siegel**
**Andre M. Boudreaux**
**Gieger, LaBorde & Laperouse, L.L.C.**
**701 Poydras Street, Suite 4800**
**New Orleans, LA   70139-4800**
**(504) 561-0400**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Berkley Insurance Company**

**Anna Wise Cunningham Simmons**
**943 N. Court Street**
**Opelousas, LA   70570**
**(337) 942-3141**
**COUNSEL FOR OTHER DEFENDANT:**
     **Opelousas Housing Authority**

**PERRET, Judge.**

Appellants, Jerry Guye, III and Guye's Construction, appeal the trial court's May 5, 2021 Judgment granting Appellee's, Berkley Insurance Company ("Berkley"), exception of no right of action and dismissing all claims against Appellee with prejudice. After review, we affirm the trial court's grant of the exception, but reverse that portion of the judgment dismissing Appellants' claims with prejudice. Instead, we remand to permit Appellants' thirty (30) days from the mailing of this opinion to amend their petition to allege sufficient facts to assert their right of action against Berkley.

**FACTUAL AND PROCEDURAL BACKGROUND:**

Appellants allege that they entered into a contract with Opelousas Housing Authority ("OHA") on October 21, 2016, for the installation of exterior doors at various project sites. The project was to begin around November 29, 2016, and continue until April 28, 2017. Appellants assert that the agreement specified OHA could terminate the contract with a ten day "written notice for consistent non-performance, poor performance or sub-quality work performed by" Appellants. Appellants appear to have begun work early, on October 20, 2016, but discovered various regulation violations, which they reported. Several weeks later, Appellants were informed by Joe Ann Tyler, OHA's Executive Director, in a manner not consistent with the contract, that the contract was terminated.

Thereafter, Appellants filed a Petition for Breach of Contract on October 12, 2017, alleging that OHA breached the contract by failing to allow Appellants to complete the project and such breach caused damages including "lost/postponed projects, preparatory time securing subcontractors and materials and administrative time." Appellants also sought attorneys fees and costs.

On December 10, 2020, Appellants filed Plaintiffs' Second Supplemental and Amending Petition for Breach of Contract, adding Berkley Insurance Company as a defendant.[1]  The only other addition to Appellants' petition was paragraph nine, stating:  "That Defendant, **BERKLEY INSURANCE COMPANY**, be ordered to produce for inspection, the original or a certified copy of any and all insurance policies providing coverage for the damages complained of herein, which policies were in full force and effect at the time of the accident."

In response, Berkley filed an exception of no right of action.  Berkley alleged that it was named as a direct action defendant and, because Appellants only asserted claims for breach of contract, Louisiana's Direct Action Statute does not provide Appellants a right of action against it.  In opposition, Appellants claimed that Berkley's policy issued to OHA covers breach of contract "and other acts and omissions by OHA[,]" thus giving Appellants a right of action against Berkley.  Additionally, Appellants asserted the requirement that a claim be in tort in order for the Direct Action Statute to apply does not exist when an insurer is sued along with the insured, and argued that they have, in fact, asserted a tort claim for negligent breach of contract.

The exception was heard on April 16, 2021.  The transcript indicates that the trial court reviewed the Berkley policy; however, said policy was not admitted into evidence and a copy does not appear in the appellate record.[2]  Ultimately, the trial

---

[1] Appellants' first supplemental and amending petition sought to add Arthur J. Gallagher Rick Management Services, Inc. as a defendant.  Appellants later requested said company be dismissed, and the trial court accordingly signed an Order on September 1, 2020.

[2] On appeal, Berkley objects to Appellants' attachment of the policy to their Appellant Brief.  As will be noted below, we do not consider the policy in our decision as the policy was not in the Appellant record and not admitted into evidence at the hearing on the exception of no right of action.

2

court concluded Appellants had no right of action and specifically found that Appellants' petition alleged strictly a breach of contract theory.

Appellants assert three assignments of error, namely: the trial court erred in granting Berkley's exception of no right of action where (1) Appellant's "action was not a direct action against the insurer alone as contemplated under" La.R.S. 22:1269; (2) Appellants "sued defendants pursuant to the terms of the policy at issue and because a dismissal based upon lack of coverage is premature"; and (3) Appellants' "right of action also exist[s] in tort."

**DISCUSSION:**

An exception of no right of action challenges whether the plaintiff is of the class of persons for whom the law provides a remedy. *Rebel Distribs. Corp., Inc. v. LUBA Workers' Comp.*, 13-749 (La. 10/15/13), 144 So.3d 825. Evidence may be introduced in support of or in opposition to the exception "when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 931. "The determination of whether a plaintiff has a legal right to bring an action raises a question of law, which requires *de novo* review." *Rebel Distribs. Corp., Inc.*, 144 So.3d at 833. "Where doubt exists regarding the appropriateness of an objection of no right of action, it is to be resolved in favor of the plaintiff." *Id.* The burden of proving that the plaintiff has no right of action rests on the party raising the exception. *Mabile v. Dow Chem. Co.*, 16-577 (La.App. 1 Cir. 12/22/16) (unpublished opinion).

Appellants first assert that the trial court erred in applying the Direct Action Statute to this case because "the statute is not triggered where suit is filed against an insurer and insured together." Appellants suggest *Soileau v. Smith True Value & Rental*, 12-1711 (La. 6/28/13), 144 So.3d 771, supports their proposition,

3

concluding *Soileau* held that the Direct Action Statute is triggered only when suit is brought against the insurer alone. However, the supreme court was tasked with determining whether a suit could proceed against an insurer alone, after the dismissal of the insured, "when none of [La.]R.S. 22:1269(B)(1)(a)-(f)'s six enumerated circumstances existed[.]" *Id.* at 776. *Soileau* found that if the tortfeasor is proceeding against the insurer alone, then one of the six circumstances found in La.R.S. 22:1269(B)(1)(a)-(f) must exist, not that the entirety of the statute was triggered only by suit against the insurer alone.

Additionally, the statute itself indicates that a plaintiff may bring such an action against both the insured and insurer: "The injured person or his survivors or heirs . . . at their option, shall have the right of direct action against the insurer . . . and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido[.]" La.R.S. 22:1269(B)(1). In fact, the supreme court recognized the purpose of the Direct Action Statute in *Soileau*, 144 So.3d at 775-76:

> The Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured. . . . In the absence of the Direct Action Statute, a plaintiff would have no right of action against an alleged tortfeasor's liability insurer because the obligation between the plaintiff and the alleged tortfeasor is delictual in nature, and the plaintiff has no contractual relationship with the tortfeasor's insurer. Because the Direct Action Statute provides the sole procedural right of action against the insurer in this case, the Direct Action Statute provides the rules regulating the subject.

The fifth circuit similarly addressed the purpose of the statute in *Perkins v. Carter*, 09-673 (La.App. 5 Cir. 12/29/09), 30 So.3d 862, and whether the statute applies when a plaintiff proceeds against both the insured and insurer. In *Perkins*, the appellant insurer argued that service was never requested on the insured, thus,

4

the plaintiff/appellee failed to meet a requirement of the Direct Action Statute. The trial court denied the insurer's exception of no right of action and the fifth circuit affirmed. On appeal the plaintiff/appellee made the same argument as Appellants in the current case: "Mr. Perkins argues that the Direct Action Statute only applies when the action is brought against the insurer alone." *Id.* at 866. The appellee asserted "that because he filed suit against Dr. Woo [the insured] and USAA [the insurer], he was not filing an action solely against USAA and therefore the Direct Action Statute did not apply." *Id.* The fifth circuit disagreed, stating:

> We disagree because appellee only has a right of action against the alleged tortfeasor's insurer under the Direct Action Statute.
>
> There is no privity of contract between the plaintiff and the alleged tortfeasor's insurer. *Clark v. Durbin,* 590 So.2d 633, 635–36 (La.App. 3 Cir.1991). Therefore, the plaintiff must establish a right of action through the Direct Action Statute which "was enacted to give special rights of action to injured tort victims." *Arrow Trucking Co. v. Continental Ins. Co.,* 465 So.2d 691, 700 (La.1985). The Direct Action Statute extends a conditional right to file suit, to some parties under some circumstances. *Foltmer v. James,* 01–1510, pp. 4–5 (La.App. 4 Cir. 9/12/01), 799 So.2d 545, 548, *writ denied,* 01–2777 (La.1/4/02), 805 So.2d 213. The reason the right is conditional is that no privity of contract exists between a plaintiff injured by a tortfeasor and that tortfeasor's insurance company. *Id.* An injured party obtains a right of action against another person's insurance company only if all the requirements of the Direct Action Statute have been fulfilled. *Id.* Accordingly, an insurance company that proves that the requirements of the Direct Action Statute have not been fulfilled is entitled to dismissal of the claim against it on an exception of no right of action. *Id.*

*Id.*

The fifth circuit then concluded that service on the insured was waived, and all requirements of the statute were met. While we recognize that this portion of the *Perkins* decision suggests the circumstances enumerated in La.R.S. 22:1269(B)(1)(a)-(f) must be met despite the fact the petition was filed against both the insured and insurer, whereas *Soileau* suggests those circumstances need

5

only be met if the action is filed against the insurer alone, the significance of these cases is that the Direct Action Statute does apply when both the insured and insurer are named defendants. As noted by both *Soileau* and *Perkins*, without the Direct Action Statute, no right of action would exist for a plaintiff against the defendant's insurer as no privity of contract exists between the two. Therefore, we find the Direct Action Statute does apply to the case herein. Appellants' assignment of error number one is without merit.

Considering this conclusion, we reiterate the well settled premise that "the Direct Action Statute is designed to facilitate the recovery of damages *ex delicto*; it does not authorize a direct action based solely on a breach of contract." *Mabile*, 16-577, p. 5; *see also Pate v. Tim Clark Constr., LLC*, 487 F.Supp. 3d 536, 544 (E.D. La. 2020) ("Louisiana state and federal courts . . . have consistently held that, 'The Louisiana Direct Action Statute applies only to torts and not to contract disputes.'").

In *Mabile*, the first circuit considered whether Dow had a right of action under the Direct Action Statute. Dow asserted that the suit arose from a personal injury suit originally filed by Mr. Mabile against Dow. Dow sued Westgate and its insurers for indemnification based on a contract between Dow and Westgate. The trial court and appellate court concluded that Dow's suit against Westgate and its insurers was based on a contract. Thus, the Direct Action Statute did not provide Dow a right of action against the insurers.

In *Pate*, homeowners sued their contractor and its insurer for breach of contract and alleged damages caused by faulty elevation work. The insurer asserted the plaintiffs failed to state a claim under Louisiana's Direct Action Statute and, therefore, the claims against it should be dismissed. After reviewing

6

the plaintiffs' petition and the insurance policy, the court concluded that the plaintiffs' claims only stemmed from the "express or implicit obligations under the elevation contract." *Pate*, 487 F.Supp. 3d at 546. The court further stated, "The Court agrees with [the insurer's] assessment that Plaintiffs' 'negligence' claims are derivative of, and implicit in, [the insured's] obligations under the elevation contract . . . . Because Plaintiffs' claims against [the insured] are based in contract and not tort, Plaintiffs have no procedural right to sue [the insurer] under the Direct Action Statute." *Id*.

We recognize that violations of contractual obligations may give rise to tort actions. "[W]hen a person negligently performs a contractual obligation" he may commit an action in tort. "[T]he same acts or omissions may constitute breaches of general and contractual duties and may give rise to both actions in torts and actions in contract." *Everett v. Philibert*, 08-2270, p. 5 (La.App. 1 Cir. 5/8/09), 13 So.3d 616, 620 (citations omitted). However, in that case, the plaintiffs "must show that their negligence claims are separate and distinct and not arising from the breach of contract claim. Particularly, the tort claim must arise from a duty other than one imposed by the contract." *Id* (citations omitted). For example, a petition may "also allege[] a breach of duty owed to all persons[.]" *Id*. In *Everett*, the damages asserted in the petition only arose "from the duty created by the contract to build a house competently . . . . The only allegations in the petition are for breaches of duty confected by contract[.]" *Id*.

Based on the above, we consider whether Appellants have stated a right of action under the Direct Action Statute. Berkley attached Appellants' petitions in support of its exception of no right of action motion. Appellants' petitions only state claims based in contract. The original petition alleges the parties entered a

contract for Appellants to install doors and that the contract could be terminated "at any time by OHA via a 10-day written notice for consistent non-performance, poor performance or sub-quality work performed by Plaintiff." Appellants then asserted that OHA terminated the contract without complying with the ten-day written notice requirement. Appellants only assert damages associated with OHA's breach of the contract. Additionally, Appellants' Second Supplemental and Amending Petition for Breach of Contract makes no changes other than adding Berkley as a defendant. In fact, the second amending petition does not even establish the relationship between OHA and Berkley, as it fails to mention that Berkley provided OHA with an insurance contract covering this event. Instead, the second amending petition only adds one additional paragraph: "That Defendant **BERKLEY INSURANCE COMPANY**, be ordered to produce for inspection the original or a certified copy of any and all insurance policies providing coverage for the damages complained of herein, which policies were in full force and effect at the time of the accident." The second amending petition does not assert any allegations of privity of contract between Appellants and Berkley such as allegations of Appellants being a third party beneficiary or additional named insured to the Berkley policy.

The record on appeal is also devoid of the Berkley insurance policy and the policy was not admitted as evidence during the hearing. Although the trial court considered the policy at the hearing, we find such consideration was inappropriate. "Generally, evidence supporting or controverting an exception of no right of action is admissible; in the absence of evidence, however, the factual averments in the pleadings are taken as true." *Mabile*, 16-577, p. 6. As there is no evidence admitted in this case, we take the allegations in the petitions as true. As stated

8

above, there are no tort allegations made by Appellants in their petitions. After reviewing the record, we find that the claims made against OHA are based entirely in contract; thus, Appellants have no procedural right to sue Berkley under the Direct Action Statute. Based on this determination, and the fact that the policy is not in the record, we do not consider whether Appellants may pursue their claims under the Direct Action Statute as claims covered by the terms of Berkley's policy. Appellants' suit stems solely from a breach of contract, to which the Direct Action Statute does not apply. Appellants' assignment of error number two has no merit.

Furthermore, based on our review of the record discussed above and the allegations made in the petition and amending petitions, we find no merit to Appellants' third assignment of error regarding tort claims.

Additionally, assuming, arguendo, that the Direct Action Statute did not apply to this suit, no right of action exists for Appellants to initiate a lawsuit against Berkley because no allegations of privity of contract between Appellants and Berkley have been asserted in the petitions and no evidence has been admitted to establish privity of contract. In *Randall v. Lloyd's Underwriter's at London*, 602 So.2d 790 (La.App. 4 Cir. 1992), the fourth circuit considered on writs whether a plaintiff stated a right of action against an insurer for failing or refusing to pay a judgment in the plaintiff's favor pursuant to its contractual obligations. The plaintiff suffered a work injury and originally filed suit against the insured and its insurer for his personal injuries. Because the plaintiff failed to prove coverage, a judgment was rendered against the insured alone. Subsequently, the plaintiff filed a second suit against the insurer for breach of contract, alleging the insurer failed to pay the judgment rendered in the first suit pursuant to its contractual obligations to do so. The insurer filed exceptions of no cause and no right of

action and argued the plaintiff "is not a party to the insurance contract; and, (2) Louisiana's Direct Action Statute is inapplicable to suits grounded in contract." *Id.* at 791. The trial court denied the exceptions, but the fourth circuit reversed. The fourth circuit concluded:

> It is a well-accepted principle in Louisiana jurisprudence that, absent a contrary statutory provision, actions *ex contractu* cannot be maintained against a party by an individual who is not party thereto. In the instant case, there was no privity of contract between Randall and Lloyd's which would give rise to a breach of contract claim against Lloyd's.
>
> . . . .
>
> Because we have determined that the trial court erred in failing to maintain relator's exception of no right of action, we need not address the issue of whether Louisiana's Direct Action Statute allows him to maintain a breach of contract action against Lloyd's.

*Id.* (citations omitted).

"In Louisiana, a plaintiff may sue under an insurance policy when he is a named insured, additional insured, or third-party beneficiary of the contract." *Haddad v. Elkhateeb*, 10-214, p. 19 (La.App. 4 Cir. 8/11/10), 46 So.3d 244, 257, n. 11, *writ denied*, 10-2076 (La. 11/12/10), 49 So.3d 895. As previously discussed, Appellants have made no allegations that they are a named insured, additional insured, or a third party beneficiary to a contract of insurance with Berkley.

Lastly, while we affirm the trial court's ruling on the exception itself, we reverse the trial court's judgment insofar as it dismisses Appellants' lawsuit with prejudice. According to La.Code Civ.P. art. 934, "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." Appellants have not been given the chance to amend their petition since adding Berkley as a defendant and may potentially

10

plead more sufficient allegations, establishing that they have a right of action. Thus, we find Appellants should be permitted to amend their petition alleging sufficient facts to indicate their right of action. We remand this case to allow Appellants thirty (30) days from the date of mailing of this opinion to amend their petition to sufficiently state a right of action against Berkley.

**DECREE:**

For the reasons stated above, we affirm the trial court's judgment granting Berkley Insurance Company's exception of no right of action. However, we reverse the trial court's dismissal of this case with prejudice and remand to allow Jerry Guye, III and Guye's Construction, thirty (30) days from the mailing of this opinion to amend their petition and sufficiently allege a right of action against Berkley. Costs of this appeal are assigned to Jerry Guye, III and Guye's Construction.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.