866 So.2d 950 (2004)
TREEN CONSTRUCTION CO., INC.
v.
Mr. & Mrs. Stephen P. SCHOTT.
No. 03-CA-1232.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 2004.
*952 John David Cassanova, Metairie, LA, for Plaintiff/Appellant, Treen Construction Co., Inc.
Walter J. Leblanc, Jr., John J. Molaison, Molaison & LeBlanc, Gretna, LA, Blake G. Arata, Jr., Rome, Arata And Baxley, L.L.C., New Orleans, LA, for Defendants/Appellees, Mr. & Mrs. Stephen P. Schott.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On November 8, 2002, the plaintiff, Treen Construction Co., Inc. (Treen), filed suit against Mr. and Mrs. Stephen Schott, alleging that Treen sold plans for the proposed construction of a home in Savannah Ridge subdivision to the Schotts for $3,895.43, but the Schotts have failed to pay for the plans. The matter came before the court for trial on July 17, 2003. After Treen presented its case, the Schotts moved for an involuntary dismissal, arguing that Treen had failed to show any right to the relief sought. The trial court granted the Schotts' motion and dismissed Treen's lawsuit with prejudice. The trial court ordered the parties to pay their own costs.
*953 On July 21, 2003, Treen filed a Motion for New Trial, which was denied by the trial court on August 21, 2003. On August 26, 2003, Treen filed a Motion for Appeal, which was granted by the trial court. The Schotts answered the appeal, asking this Court to modify the trial court's judgment by ordering Treen to pay all of the costs of the trial court proceedings.
FACTS
At trial, the plaintiff called two witnesses. The first witness was John Treen, who is the president and sole stockholder of Treen Construction Company, Inc. Mr. Treen testified that he was approached by Stephen Schott to discuss the possibility of Treen Construction building a home for the Schotts on a lot owned by Treen in Savannah Ridge subdivision. The parties had several meetings where they discussed their ideas for the proposed home and prepared preliminary plans. Thereafter, Mr. Treen delivered the preliminary plans to an architect, Mr. Peter Waring, who prepared formal plans for the proposed home.
Mr. Treen testified that he recommended Peter Waring to the Schotts and suggested that they have the plans prepared by him. According to Mr. Treen, Mr. Schott stated that he would rather have Treen pay for the plans and then add the cost of the plans to the cost of the house. Mr. Treen stated that Mr. Schott agreed to reimburse him for the cost of the plans if the house was not built. The cost of the plans, including the fees of the architect and the structural engineer as well as copy charges, was $3,895.43. Mr. Treen paid all of the costs associated with the plans.
Although the plans were completed in March of 2000 and Mr. Treen told the Schotts that he would have an estimate of the cost of the house within three or four weeks after the plans were completed, he did not contact the Schotts for three to four months. When Mr. Treen called Mr. Schott and quoted him a price for construction of the home, he apologized for the delay in contacting them, and he told Mr. Schott that he would understand if they did not want him to build their home.
The Schotts agreed to allow Mr. Treen to build them a home, but they wanted the home built on a lot that they had purchased on Magnolia Drive, not the Savannah Ridge lot. Mr. Treen agreed and subsequently built the Schotts' home on Magnolia Drive. However, they had to have a new set of plans prepared by Mr. Waring, because the plans prepared for the Savannah Ridge lot could not be used on the Magnolia Drive lot.
On cross-examination, Mr. Treen admitted that during the negotiations for the Magnolia Drive home, he did not tell the Schotts that they owed him money for the Savannah Ridge plans. He stated that he probably did not even tell them the price. Construction on the Magnolia Drive house began in October or November of 2000, but Mr. Treen did not send the Schotts a bill for the Savannah Ridge plans until December 2001, which was after the Schotts filed suit against Treen Construction alleging defects and other problems with the Magnolia Drive home. Further, Mr. Treen admitted that toward the end of construction of the Magnolia Drive house, the relationship between the parties deteriorated. Charges for any changes made to the original plans, including small charges, had to be paid to Mr. Treen prior to the changes being made. However, during this time, Mr. Treen did not ask the Schotts for payment of the cost of the plans.
Mr. Treen stated that he did not ask the Schotts to pay him for the plans, because the Savannah Ridge lot was for sale, and he believed that he might be able to sell *954 the plans to the person buying that lot. He stated that he would have sold the plans as a favor to the Schotts, but he sold the lot in December 2001 and the purchaser was not interested in buying the plans.
The second and final witness to testify at trial was the architect of the plans, Peter Waring. Mr. Waring testified that he agreed to prepare the plans for $3,000 and Mr. Treen paid him for the plans shortly after their completion. However, he did not have any first-hand knowledge of the billing arrangement between Mr. Treen and the Schotts, because he was not present when the agreement was made.
DISCUSSION
On appeal, Treen sets forth seven assignments of error. In its first assignment of error, Treen argues that the trial court erred when it granted a motion for involuntary dismissal, because the plaintiff submitted a prima facie case in support of its lawsuit. We disagree.
LSA-C.C.P. art. 1672 provides in pertinent part:
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
The trial court has much discretion in determining whether to grant a motion for involuntary dismissal. Lopez v. State, Louisiana Health Care Authority/University Medical Center, 98-577 (La. App. 3 Cir. 10/28/98), 721 So.2d 518, 520. An appellate court may not reverse a ruling on a motion for involuntary dismissal unless it is manifestly erroneous or clearly wrong. Foster v. Tinnea, 96-2718 (La. App. 1 Cir. 12/29/97), 705 So.2d 782, 784. In determining whether an involuntary dismissal should be granted after the plaintiff has completed the presentation of his evidence during a bench trial, the appropriate standard is whether the plaintiff has presented sufficient evidence in his case-in-chief to establish his claim by a preponderance of the evidence. Thornton ex rel. Laneco Const. Systems, Inc. v. Lanehart, 97-2871 (La.App. 1 Cir. 12/28/98), 723 So.2d 1127, 1130, writ denied, 99-177 (La.3/19/99), 740 So.2d 115. The trial court is not required to review the evidence presented in the light most favorable to the plaintiff. Ross v. Premier Imports, 96-2577 (La.App. 1 Cir. 11/7/97), 704 So.2d 17, 20, writ denied, 97-3035 (La.2/13/98), 709 So.2d 750.
According to Mr. Treen, Mr. Schott verbally agreed to reimburse him for the cost of the plans. If a contract is not reduced to writing and its price or value is greater than $500, the contract must be proved by at least one witness and other corroborating circumstances. LSA-C.C. art. 1846; Peter Vicari General Contractor, Inc. v. St. Pierre, 02-250 (La.App. 5 Cir. 10/16/02), 831 So.2d 296, 301. Whether there are corroborating circumstances sufficient to establish an oral contract is a question of fact. Deubler Electric, Inc. v. Knockers of Louisiana, Inc., 95-372 (La. App. 5 Cir. 11/15/95), 665 So.2d 481, 484.
The record supports the trial court's finding that Treen failed to prove the existence of a contract by a preponderance of the evidence. Mr. Waring finished preparing the plans for the Savannah Ridge property in March of 2000, and Mr. Treen *955 paid Mr. Waring and the engineer for their services shortly thereafter. It was several months later that Mr. Treen contacted the Schotts with an estimate of the cost of building the home as set forth in the plans. At that time, Mr. Treen told Mr. Schott that he would understand if they did not want him to build the house, but he did not mention that they would still owe him for the costs of the plans. Further, Mr. Treen did not bill the Schotts for the plans during the time that he was building a house for them on Magnolia Drive. In fact, he did not send them an invoice for the plans until December 2001, after the Schotts filed suit against Treen for alleged defects in the Magnolia Drive home.
Mr. Treen argues that his testimony is supported by the objective evidence of payments made on behalf of the Schotts and the corroborating testimony of Peter Waring. However, Mr. Waring's testimony and the evidence indicating that Treen paid for the plans does not corroborate Treen's claim that the Schotts agreed to reimburse him for the plans. In fact, Mr. Waring stated that he was not present when any payment agreement between Mr. Treen and the Schotts was made.
Considering the testimony and evidence in this case, we find that Treen did not show by a preponderance of the evidence that it was entitled to any of the relief sought in its lawsuit. Therefore, the trial court's involuntary dismissal of Treen's lawsuit was not manifestly erroneous, and this assignment of error is without merit.
In its second assignment of error, Treen argues that the trial court erred when it considered defenses to Treen's lawsuit when no evidence has been admitted of record. However, Treen does not set forth the defenses that it believes the trial court improperly considered. Rather, it merely cites statements of law indicating that judgments must be based on pleadings and supporting evidence properly filed in the record.
At the hearing on the Motion for New Trial, the trial court stated:
Can I tell you what really worked against your client? He never sent them a bill. Never sent them a bill even after he had built the second house, went to the architect at [sic] the second set of plans, for the second house, he never once said, `Look you still owe me for these other plans' until after they sued him for not doing a good job in constructing the second house.....
The record does not show that the trial court based its decision on evidence that was not admitted or unsupported affirmative defenses. Rather, the evidence shows that Treen failed to prove its case by a preponderance of the evidence. Accordingly, we find that this assignment of error is without merit.
In its third assignment of error, Treen asserts that the trial court erred when it misapplied the open account statute (LSA-R.S.9:2781) and overlooked the applicable legal principles contained therein. Treen argues that the trial judge misapplied LSA-R.S. 9:2781 when he stated that Treen failed to make demand on the Schotts, because citation and service of a petition are sufficient to satisfy the requirement of written demand. Treen further argues that the evidence presented was uncontradicted and there was no credibility determination to be made, so the involuntary dismissal should not have been granted.
First, the trial court did not dismiss Treen's lawsuit due to noncompliance with the demand requirements of the open account statute. Therefore, this Court can grant no relief to Treen on this issue. *956 Second, the trial court found that the testimony and evidence presented during Treen's case-in-chief was insufficient to establish entitlement to relief by a preponderance of the evidence, and we agree. When the plaintiff fails to carry its burden of proof, there is no necessity for the defendant to rebut or contradict insufficient evidence. Locke v. Sheriff, Parish of Jefferson, 94-652, (La.App. 5 Cir. 12/28/94), 694 So.2d 257, 258, writ denied, 95-0268 (La.3/24/95), 651 So.2d 293. Therefore, we find that the trial court did not err in refusing to require the Schotts to put on evidence to contradict Treen's case, and this assignment of error is without merit.
In its fourth assignment of error, Treen contends that the trial court erred when it deprived the plaintiff of the opportunity to cross-examine the defendants. However, Treen did not call the Schotts as witnesses during the trial. At the hearing on the Motion for New Trial, counsel for Treen stated:
The basis for the new trial is that there were certain actions that were taken that were prejudicial to the plaintiff. Plaintiff whether it was my fault, and I will take responsibility if it was, failed to call the defendants under the act, or under cross-examination during the case-in-chief, expecting that there would be an opportunity to cross-examine the defendants at the time of their case-in-chief. This resulted in being prejudicial to the plaintiff because the Motion for Involuntay Dismissal was granted by the Court, therefore, if I'm responsible I will take the responsibility and I am at fault
LSA-C.C.P. art 1634 provides that a party may be called as a witness and examined by the adverse party. Although Treen's counsel had the right and the opportunity to call the Schotts as witnesses and to cross-examine them, he chose not to do so. The record is devoid of any evidence that the trial court deprived Treen of the right to call these witnesses during its case-in-chief. Therefore, this assignment of error is without merit.
In its fifth assignment of error, Treen argues that the trial court failed to remedy a clear unjust enrichment. It asserts that Treen paid debts that were the obligation of the Schotts and the Schotts benefited from these payments.
A party making a claim for unjust enrichment must show: 1) enrichment; 2) impoverishment; 3) a rational connection between the enrichment and the impoverishment; 4) lack of justification or cause for enrichment; and 5) absence of any other legal remedy. Blann v. Aldige, 97-1080 (La.App. 5 Cir. 5/27/98), 712 So.2d 1052, 1054.
The elements of unjust enrichment have not been met in this case. First, the Schotts were not enriched by Treen's payment of the costs of the plans. The Schotts did not use or derive any benefit from the plans. Furthermore, there was no contract or payment agreement between Mr. Waring and the Schotts, so Treen's assertion that it paid the Schotts' debt is incorrect. Second, Treen cannot show unjust enrichment because it cannot show absence of any other legal remedy. Accordingly, the trial court did not err in failing to find unjust enrichment in this case, and this assignment of error is without merit.
In its sixth assignment of error, Treen claims that the trial court erred when it failed to remedy a breach of mandate. Treen argues that it was clearly representing the Schotts when it had the custom plans prepared for their proposed home and, pursuant to LSA-C.C. art. 3012, *957 the principal is bound to reimburse the mandatary for expenses paid.
This argument was not raised in the trial court, and has been asserted for the first time on appeal. Issues not brought before the trial court cannot be considered on appeal. Faulkner v. The McCarty Corporation, et al., 02-1337 (La.App. 4 Cir. 6/11/03), 853 So.2d 24, 27. Therefore, we will not consider Treen's argument that there was an agency relationship and that the Schotts are bound to reimburse Treen due to this relationship.
In its seventh assignment of error, Treen contends that the trial court erred in allowing a part-time fellow judge to practice before him.
Prior to the trial, Mr. Leonard Levenson enrolled as additional counsel of record for the Schotts. Treen argues that Mr. Levenson is a current First Parish Court part-time judge and is prohibited from practicing in that court, pursuant to the judicial canons. The Schotts assert that Mr. Levenson is occasionally a judge ad hoc in First Parish Court, which is different from a part-time judge, and he is not prohibited from practicing in that court.
The issue of whether Mr. Levenson is a part-time judge or a judge ad hoc is irrelevant to these proceedings. When Mr. Levenson enrolled as additional counsel for the Schotts, he moved to continue the trial due to a scheduling conflict, and this request was denied by the trial court. Mr. Levenson was unable to participate in the trial due to the conflict and he did not file any pleadings on the Schotts' behalf.
Treen has failed to show that it was prejudiced by the enrollment of Mr. Levenson in these proceedings, or that it is entitled to any relief from this Court on this issue. Therefore, we find that this assignment of error is without merit.
In their answer to Treen's appeal, the Schotts seek reversal of the trial court's order requiring them to pay their costs of the trial court proceeding. They assert that the trial court abused its discretion in failing to assess all costs against Treen, because Treen's case was not even sufficient to withstand a motion for involuntary dismissal.
LSA-C.C.P. art.1920 provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
The trial court has broad discretion in assessment of court costs, but this discretion is not unlimited. Donavan v. Jones, 26,883 (La.App. 2 Cir. 6/21/95), 658 So.2d 755, 768, writs denied, 95-1786, 95-1891 (La.11/3/95), 661 So.2d 1379. The trial judge cannot tax the prevailing party with costs, unless in some way he incurred additional costs pointlessly or engaged in other conduct which justified assessment of costs against that litigant. Penton v. Schuster, 98-1068 (La.App. 5 Cir. 3/30/99), 732 So.2d 597, 602.
After a thorough and careful review of the record before us, we find that the trial court abused its discretion when it ordered the Schotts to pay their own costs of the trial court proceedings. Therefore, the portion of the trial court's judgment which taxed costs of the trial court proceedings to the Schotts is amended to assess all costs to Treen. In all other respects, the trial court's judgment is affirmed. Costs of this appeal are to be borne by the plaintiff, Treen Construction Co., Inc.
AFFIRMED IN PART; AMENDED IN PART.
CHEHARDY, J., concurs in part and dissents in part.
*958 CHEHARDY, J., concurring in part and dissenting in part.
I concur with the portion of the judgment that affirms the trial court's disposition of the plaintiff's claim. However, I dissent with the portion of the judgment that allocates costs.
As pointed out by the majority, La.C.C. art.1920 allows the trial court to render judgment for costs, or any part thereof, against any party, "as it may consider equitable." A trial court's assessment of costs can be disturbed only upon a showing of an abuse of discretion. Palomo v. LeBlanc Hyundai Partnership, 95-278, p. 7 (La.App. 5 Cir. 10/31/95), 665 So.2d 414, 421, writ denied 96-0399 (La.2/22/96), 669 So.2d 1214. In my view there is insufficient showing of an abuse of the trial court's discretion and, therefore, I would not amend the costs award.