FREDERICKA HOMBERG WICKER, Judge.
 

 12This appeal arises from a negligence action involving a motor vehicle accident in which the plaintiff/appellee guest passenger Harry Perkins filed a Direct Action suit against defendant/appellant United Services Automobile Association (USAA), the alleged tortfeasor’s insurer. In this bench trial, at the conclusion of the plaintiffs case, USAA moved to dismiss
 
 [1]
 
 based on the plaintiffs failure to meet his burden of proving USAA insured the alleged tort-
 
 *865
 
 feasor Dr. Howard Woo for this accident. USAA also argued that the plaintiff had no legal right to bring a Direct Action against USAA since Dr. Woo, although a named defendant, had never been served nor had service been attempted. The trial judge denied USAA’s motion for dismissal and ultimately granted judgment in favor of Mr. Perkins and against USAA awarding the plaintiff $12,230, interest and costs. USAA has appealed. At issue herein is whether the trial judge erred in denying the motion for dismissal. Finding no error in the trial judge’s denial of the motion, we affirm.
 

 |,Direct Action/No Right of Action
 

 Mr. Perkins filed a petition for damages for negligence against various defendants and insurers. He alleged that on October 30, 2006, he sustained injuries from a motor vehicle accident as a result of being a guest passenger in a Ford truck that was driven by Mike Carter. He alleged that the truck was owned by Fleming Construction Company and insured by The Gray Insurance Company. Mr. Perkins asserted that the truck was struck by a Toyota car driven by Dr. Woo and insured by USAA. Before the case went to trial, Mr. Perkins had filed a motion to dismiss Mr. Carter, Fleming Construction Company, and The Gray Insurance Company, which the trial judge granted. Later, a bench trial proceeded against USAA. USAA orally moved for an involuntary dismissal at the conclusion of the plaintiffs case. In essence, USAA argued as it now does in its brief before this court that the plaintiff had no right of action against USAA under the Direct Action Statute. USAA did not file a formal pleading urging the exception of no right of action in the district court or in this court. We recognize that an exception of no right of action is a pleading which must be in writing pursuant to La. C.C.P. art. 852.
 
 [2]
 
 Although the oral motion was improper, a trial court or an appellate court may notice the failure to state a cause of action on its own motion. La. C.C.P. art. 927(B). Thus, it would have been proper for the trial court to notice the exception of no right of action on its own motion.
 

 Despite appellee’s assertions to the contrary, USAA argued below as a ground for dismissal that the plaintiff had never requested service on Dr. Woo and Dr. Woo had never been served, thus alluding to the failure to meet a requirement |4of the Direct Action Statute. Consequently, the exception of no right of action was argued below. Plaintiffs counsel had the opportunity to respond to the argument below and did so. He responded that Dr. Woo was named in the petition and that USAA through its contract of insurance, was required to provide a defense. The trial judge denied the motion without giving any reasons for finding that the plaintiff could proceed under the Direct Action Statute. We find the record shows that Mr. Perkins has demonstrated a basis for proceeding against USAA under the Direct Action Statute. Thus, the trial judge did not err in evidently denying the exception and concluding there was no basis for dismissal on this ground.
 

 Louisiana’s Direct Action Statute, La. R.S. 22:1269(B)(1),
 
 [3]
 
 allows a person who is not an insured under the insurance contract to proceed directly against the insur
 
 *866
 
 er under certain circumstances dictated by the statute. R.S. 22:1269(B)(1) pertinently provides: “The injured person or his or her survivors or heirs mentioned in Subsection A'
 
 [4]
 
 , at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido[.]” (Footnote added). However, such action may be brought against the insurer alone only under certain enumerated conditions. The condition pertinent here is that “Service of citation or other process cannot be made on the insured[.]” R.S. 22:1269(B)(l)(c).
 

 On appeal, Mr. Perkins relies on the pretrial order in which USAA failed to raise as a contested issue whether the plaintiff could proceed with a Direct Action against USAA. Additionally, Mr. Perkins argues that the Direct Action Statute only applies when the action is brought against the insurer alone. Appellee asserts pthat because he filed suit against Dr. Woo and USAA, he was not filing an action solely against USAA and therefore the Direct Action Statute did not apply. Appellee argues that since Dr. Woo is still a party and was never dismissed, the Direct Action Statute is inapplicable. We disagree because appellee only has a right of action against the alleged tortfeasor’s insurer under the Direct Action Statute.
 

 There is no privity of contract between the plaintiff and the alleged tort-feasor’s insurer.
 
 Clark v. Durbin,
 
 590 So.2d 633, 635-36 (La.App. 3 Cir.1991). Therefore, the plaintiff must establish a right of action through the Direct Action Statute which “was enacted to give special rights of action to injured tort victims.”
 
 Arrow Trucking Co. v. Continental Ins. Co.,
 
 465 So.2d 691, 700 (La.1985). The Direct Action Statute extends a conditional right to file suit, to some parties under some circumstances.
 
 Foltmer v. James,
 
 01-1510, pp. 4-5 (La.App. 4 Cir. 9/12/01), 799 So.2d 545, 548,
 
 writ denied,
 
 01-2777 (La.1/4/02), 805 So.2d 213. The reason the right is conditional is that no privity of contract exists between a plaintiff injured by a tortfeasor and that tortfeasor’s insurance company.
 
 Id.
 
 An injured party obtains a right of action against another person’s insurance company only if all the requirements of the Direct Action Statute have been fulfilled.
 
 Id.
 
 Accordingly, an insurance company that proves that the requirements of the Direct Action Statute have not been fulfilled is entitled to dismissal of the claim against it on an exception of no right of action.
 
 Id.
 

 In this case, the applicable requirement is that service of citation or other process cannot be made on the insured. R.S. 22:1269(B)(l)(c). It is undisputed that no service was attempted on the insured. In addition, there was no written [(¡waiver of citation and service in the record.
 
 [5]
 
 However, a party can also waive an objection to the jurisdiction by an appearance of record.
 
 Glass v. Alton Ochsner Medical Foundation,
 
 02-0412, p. 12 (La.App. 4 Cir. 11/6/02), 832 So.2d 403, 410,
 
 writs denied,
 
 02-2977, 02-3018 (La.3/14/03), 839 So.2d 36, 37 (Citation omitted).
 

 An appearance of record includes filing a pleading, appearing at a hearing, or formally enrolling as counsel of record.
 
 Poret v. Billy Ray Bedsole Timber Contractor, Inc.,
 
 31,531, p. 2 (La.App. 2 Cir.
 
 *867
 
 1/22/99), 729 So.2d 632, 633,
 
 citing,
 
 La. C.C.P. art. 1671, Official Comment.
 

 In
 
 Abbasi v. State Farm Ins. Co.,
 
 04-44, p. 6 (La.App. 5 Cir. 5/26/04), 875 So.2d 988, 993,
 
 writ denied,
 
 04-2076 (La.9/24/04), 882 So.2d 1135 (footnote omitted), this court recognized jurisprudence holding that when the insured is dismissed, there is no direct right of action against the insurer. The court found that those cases were inapplicable because in that case, as in the present one, although the insured defendant was never served, the insured was not dismissed. The court held that the insured waived an objection to the jurisdiction by making an appearance of record. In that case, the defendant insurer filed an answer on its behalf and on behalf of its insured. Also, the insured personally appeared before the court at trial.
 

 This case is similar. Here, USAA filed a formal pleading in this record on its behalf and on behalf of Dr. Woo making a time-limited offer of judgment pursuant to La. C.C.P. art. 970. In addition, Dr. Woo testified at trial on his own behalf. This pleading together with Dr. Woo’s appearance at trial on his own behalf constituted an appearance in the record by Dr. Woo, thereby waiving service. Therefore, the plaintiff had a right of action to proceed under the Direct |7Action Statute against USAA and the trial court properly denied the motion to dismiss on this ground.
 

 Insurance Coverage
 

 La. C.C.P. art. 1672(B) provides for involuntary dismissal at the close of a plaintiffs case in a nonjury case. The trial court has much discretion in determining whether to grant a motion for involuntary dismissal.
 
 Treen Const. Co., Inc. v. Schott,
 
 03-1232, p. 5 (La.App. 5 Cir. 1/27/04), 866 So.2d 950, 954 (Citations omitted). An appellate court may not reverse a ruling on a motion for involuntary dismissal unless it is manifestly erroneous or clearly wrong.
 
 Id.
 
 In determining whether an involuntary dismissal should be granted after the plaintiff has completed the presentation of his evidence during a bench trial, the appropriate standard is whether the plaintiff has presented sufficient evidence in his case-in-chief to establish his claim by a preponderance of the evidence.
 
 Id.
 
 The trial court is not required to review the evidence presented in the light most favorable to the plaintiff.
 
 Id.
 

 The burden of proof is on the plaintiff to establish every fact essential to his claim and that his claim is within the insurance policy coverage.
 
 Regency Motors of Metairie, L.L.C. v. Hibernia-Rosenthal Ins. Agency, L.L.C.,
 
 03-1312, p. 5 (La.App. 5 Cir. 2/23/04), 868 So.2d 905, 908, writ
 
 denied,
 
 04-0753 (La.5/7/04), 872 So.2d 1087 (Citation omitted).
 

 Mr. Perkins did not introduce the insurance policy into evidence at the trial. At the beginning of trial, counsel for USAA stated that the plaintiff and defendant had agreed that they would submit
 
 in globo
 
 all of their exhibits. The trial judge stated that he would accept all stipulations at that time as well. There was no | ^stipulation that USAA insured Dr. Woo for the alleged damages resulting from the accident.
 

 In its motion for dismissal, counsel argued that the plaintiff had not entered into evidence any insurance contract that would provide liability on the part of USAA.
 

 The trial judge reviewed the pretrial order and noted that the automobile policy of insurance from USAA for the insured vehicle being driven by the defendant Dr. Woo was listed as an admissible exhibit. He denied the motion based on the pretrial order.
 

 On appeal USAA argues that the trial judge erred in denying the motion because the plaintiff failed to introduce the policy.
 

 Appellee responds that attorneys are entitled to rely on representations made in
 
 *868
 
 pretrial orders that are agreed to by both parties. In this regard, he asserts that there was no need to introduce the insurance policy because the issue of coverage was not raised in the pretrial order. Furthermore, he states that it was stipulated by both parties that the policy would be admitted without objection as to admissibility and authenticity. USAA, however, contends that the pretrial order is insufficient to eliminate the need to admit the policy because there was no stipulation that the policy provided coverage for ap-pellee’s losses. USAA maintains that a stipulation as to admissibility and authenticity simply waives evidentiary arguments as to hearsay and the authenticity of the exhibits and nothing more.
 

 In his petition for damages, Mr. Perkins alleged that Dr. Woo was insured and/or the vehicle Dr. Woo was driving, was insured under an automobile liability policy of insurance or other form of insurance issued by USAA. USAA answered the petition denying the allegations set forth in that paragraph and stated: “[T]he allegations ... make reference to a policy of insurance; said policy, which is the Rbest evidence of its contents, including all of the terms, conditions, limitations and exclusions of said policy, is pled as if copied herein
 
 in extenso.”
 

 On January 29, 2009, the trial judge issued an order following a telephone status conference in which both counsel participated. Among other things, he ordered the parties to submit a joint pretrial order in the form attached to the judge’s order. On March 18, 2009, counsel for Mr. Perkins and counsel for USAA filed the required pretrial order in the record with both counsel signing the order. Section II identified the parties as follows (emphasis added):
 

 Harry Perkins, was the front seat passenger in a 2007 Ford F350 being driven by Mike Carter.
 

 USAA is a reciprocal inter-insurance exchange authorized to do and doing business in this state and parish. USAA insured Mr. Howard Woo.
 

 Mr. Woo is a domiciliary of Jefferson parish. Harry Perkins has filed a captioned suit against USAA.
 

 Section III(B), CASE STATEMENT, Contested Issues of Fact and Law provides the following:
 

 The fault, if any, of the plaintiff;
 

 The fault, if any, of the defendant, Howard Woo;
 

 The fault, if any, of Mike Carter and Fleming Construction Company;
 

 The extent of injury, if any, of plaintiff.
 

 The amount of damages, if any, of the plaintiff.
 

 Section IV(A), STIPULATIONS, WITNESSES, AND EXHIBIT LISTS provide the stipulations of counsel as follows:
 

 This matter does not exceed $50,000. Plaintiff is not asserting a lost wage claim.
 

 Plaintiff is not asserting a claim for loss of earning capacity.
 

 Plaintiff is not asserting a claim for future medical care.
 

 Section IV(C) provides: “Exhibits admitted without objection as to admissibility and authenticity, although objections to relevance are deferred to trial[.]” One of the exhibits listed by the plaintiff is “AUTOMOBILE POLICY OF INSURANCE FROM UNITED SERVICES AUTOMOBILE ASSOCIATION | inFOR INSURED VEHICLE BEING DRIVEN BY DEFENDANT, HOWARD WOO.” The defendant’s exhibit list did not include the insurance policy. Both parties reserved the right to amend the pretrial order to include any additional documentary evidence upon proper notice to the court and opposing counsel.
 

 
 *869
 
 Although both counsel signed the statement that USAA insured Mr. Woo, the statement did not express that on the day of the accident at issue, USAA insured Mr. Woo. And the stipulations did not include the stipulation that USAA provided insurance coverage for this accident. However, the stipulations did not list as a contested issue whether or not there was insurance coverage.
 

 One of the principal purposes of pretrial proceedings is to narrow the issues of the litigation to those which are contested and to dispense with proof on the issues which are not contested.
 
 Navarro v. Bommarito,
 
 367 So.2d 74, 76 (La.App. 4 Cir.1979),
 
 writ denied,
 
 369 So.2d 458 (La.1979)
 
 citing
 
 La. C.C.P. art. 1551. In
 
 Navarro,
 
 the defendant argued that the plaintiff failed to produce evidence of vicarious liability. The court found that in their pretrial pleadings the defendants, by expressly stating the only contested issues, implicitly notified the plaintiff that vicarious liability was no longer a contested issue.
 
 Id.
 
 The plaintiff relied on the pretrial order and omitted evidence of vicarious liability. The court held that since the issue of vicarious liability was excluded from the contested issues listed in the pretrial order which controlled the course of the proceeding, and since there was no suggestion prior to or during trial that the pretrial order should be modified in the interest of justice, the court declined to consider the issue raised now on appeal by new counsel.
 
 Id.
 

 In this case, USAA did not raise the issue of insurance coverage in the pretrial order. Also, there was no hint anywhere in USAA’s pretrial order submission that USAA denied issuing a policy of insurance to Dr. Woo that [¶ provided liability coverage for the accident at issue. In
 
 Malloy v. Vanwinkle,
 
 94-2060, pp. 2-4 (La.App. 4 Cir. 9/28/95), 662 So.2d 96, 99, the Fourth Circuit concluded that under similar circumstances, although the insurance policy was not introduced into evidence, the parties were entitled to rely on the pretrial order wherein the insurer did not contest insurance coverage. In
 
 Mal-loy,
 
 the insurer argued that the plaintiff did not prove it provided his parents (and him) UM coverage because the insurance policy was not introduced into evidence. In that case, the plaintiff lived with his parents and the record contained an insurance policy renewal notice to the plaintiffs parents, which meant that it did appear the parents were insured by the defendant insurer. The court reasoned that the insurer “would have records of whether it had issued a policy with UM coverage to [the plaintiffs] parents and should have raised the issue in the pretrial order if it had grounds to do so.” 94-2060 at 3, 662 So.2d at 99. Furthermore, the court expressed: “To allow [the insurer] to raise an issue as to UM coverage on appeal, when it was not raised in the pretrial order, would be unfair to [the plaintiff].”
 
 Id.
 

 USAA argues that
 
 Malloy
 
 is distinguishable because the record contained a policy renewal notice and testimony regarding the plaintiffs residency. Thus, USAA asserts that the
 
 Malloy
 
 court did not solely rely on the pretrial order, which failed to state that insurance coverage was an issue.
 

 In
 
 Malloy,
 
 there was an indication in the record that it appeared that there was insurance based on the declaration page. This case is similar because USAA signed a joint pretrial order that contained the stipulation it provided insurance coverage for Dr. Woo. Thus, as in
 
 Malloy,
 
 it appears that there was an insurance policy and the joint pretrial order properly reflected the fact that insurance coverage was not a contested issue in this trial. Therefore, there was sufficient | ^evidence in the rec
 
 *870
 
 ord at the time USAA moved for involuntary dismissal to support a denial of that motion.
 
 [6]
 

 Decree
 

 For the reasons set forth above, the judgment is affirmed.
 

 AFFIRMED
 

 [1]
 

 . This was a nonjury trial. Although styled as a motion for directed verdict, the motion was more properly a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(B). A motion for a directed verdict applies to a civil jury trial. La. C.C.P. art. 1810.
 

 [2]
 

 . The article pertinently provides:
 

 The pleadings allowed in civil actions, whether in a principal or incidental action, shall be in writing and shall consist of petitions, exceptions, written motions, and answers.
 

 [3]
 

 . The statute was formerly designated as R.S. 22:655 but renumbered by 2008 La. Acts, no. 415, § 1, effective Jan. 1, 2009.
 

 [4]
 

 . This section refers to the parties in a survival action provided by La. C.C. art. 2315.1
 

 [5]
 

 . La. C.C.P. art. 1201(B) provides that a defendant "may expressly waive citation and service thereof by any written waiver made part of the record.”
 

 [6]
 

 . We also note that Dr. Woo later testified on behalf of the defense. He testified that after the accident occurred he placed a telephone call to his insurance company-USAA.