FREDERICKA HOMBERG WICKER, Judge.
RThis appeal arises out of the trial court’s judgment finding defendant to be in contempt of court, taxing court costs associated with the contempt rule, and awarding $2,500.00 in attorney fees. We find the evidence sufficient to support the trial court’s finding of contempt; however, we find the trial court improperly awarded $2,500.00 in attorney fees in favor of plaintiffs because La. R.S. 13:4611 permits only a maximum fine of $500.00 payable to the court. We affirm the trial court’s judgment finding defendant in contempt of court and taxing costs associated with the contempt rule. However, because we find the trial judge did not impose a “fine” as contemplated under La. R.S. 31:4611, we vacate that portion of the judgment imposing $2,500.00 in attorney fees.

FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2009, plaintiffs, Dazet Mortgage Solutions, LLC, Chou Chou LLC, RC Holding LLC, Lillylyd LLC, Wabash Properties LLC, Belfast Properties LLC, Denada Investments LLC, Riv-erblend LLC, LMMB LLC, NG Investments LLC, Riverbend Capital LLC, Alistar RV Rentals LLC, and Michael Dazet, filed a “Petition for Damages, Accounting, Disgorgement of Legal Fees, and Return of Clients’ Files” against defendants Gregory Gerard Faia, Faia & | ..Associates, LLC and Security Title of Louisiana. The petition alleges that plaintiffs retained defendants to represent them in multiple real estate transactions and to provide other various legal services. The petition also alleges legal malpractice in that defendants fraudulently handled real estate closings; failed to provide title insurance after receiving fees to obtain said insurance; and improperly released promissory notes prior to plaintiffs receiving full payment. Plaintiffs sought an accounting for each matter defendants handled on their behalf.[1] Plaintiffs attached to their petition a proposed order that defendants return to plaintiffs “the entire files regarding plaintiffs, and an accounting regarding the same immediately.” On December 2, 2009, the trial judge issued the ex parte order, ordering defendants to return plaintiffs’ files and to produce an accounting.
On February 2, 2010, plaintiffs filed a motion for appointment of a private process server.[2] On February 17, 2010, defendants received service of the petition and the trial court’s order.[3] Plaintiffs subsequently filed a “Rule for Contempt and Sanctions,” asserting that defendants had not returned the requested files and had not produced any accounting in violation of the court’s December 2, 2009 order. The *715 trial court issued a rule to show cause and, on October 22, 2010, the trial court held a hearing but did not determine the merits of the contempt rule on that date.[4]
On November 4, 2010, plaintiffs filed a second “Rule for Contempt and Sanctions.” The trial court conducted a two-day hearing beginning on January 28, |42012.[5] On March 2, 2012, the trial court issued a written judgment finding defendant Faia in contempt for failure to provide an accounting to plaintiffs as ordered by the court. The judgment further taxed court costs related to the contempt rule and awarded $2,500.00 in attorney fees in favor of plaintiffs. Defendants appeal[6], asserting that: the December 2, 2009 order should be declared an absolute nullity because it was issued prior to service of the petition upon defendant Faia; the trial judge abused his discretion in finding Faia’s failure to comply with the December 2, 2009 order contemptuous beyond a reasonable doubt; and the contempt judgment at issue is absolutely null because the trial court issued the judgment after the death of plaintiff, Michael Dazet.

LAW AND ANALYSIS

Validity of December 2, 2009 Order

Faia challenges the validity of the trial court’s December 2, 2009 order, asserting it should be declared an absolute nullity because, at the time the trial court issued the order, he had not yet been personally served with the petition.[7] A judgment rendered against a defendant who has not been validly served with the petition is absolutely null. La. C.C.P. art. 1201. Without such citation and service of process, the court does not have personal jurisdiction over the defendant. Abbasi v. State Farm Ins. Co., 04-44 (La.App. 5 Cir. 5/26/04), 875 So.2d 988, 991, writ denied, 04-2076 (La.9/24/04), 882 So.2d 1135. However, a party may waive his right to object to the insufficiency or lack of citation and service if he 1 ..¡submits to the jurisdiction of the court by making a general appearance in the proceeding pending against him. Id.; see also Dupont v. Poole, 335 So.2d 764, 766 (La.App. 3 Cir.1976). Although the waiver through a general appearance has been eliminated from our law by the repeal of La. C.C.P. art. 7, a party can nevertheless waive an objection *716 to the jurisdiction by an appearance of record. Perkins v. Carter, 09-673 (La.App. 5 Cir. 12/29/09), 30 So.3d 862, 866; Sam v. Feast, 00-1163 (La.App. 1 Cir. 3/28/01), 802 So.2d 680, 683-84. An appearance of record includes filing a pleading, appearing at a hearing, or formally enrolling as counsel of record. Perkins, 30 So.3d at 866; see also La. C.C.P. art. 1671.
In this case, defendants’ Answer and subsequent pleadings filed constitute appearances of record whereby Faia submitted himself to the jurisdiction of the court. Thus, although the trial court did not have personal jurisdiction over Faia at the time it issued the December 2, 2009 order, Faia waived the jurisdictional defect by making an appearance of record after receiving service and actively participating in the suit.
Faia further claims that the trial court erred in issuing the December 2, 2009 order ex parte without a contradictory hearing. First, defendants failed to file a motion to set aside or challenge the validity of the December 2, 2009 order. Furthermore, we find that the trial court did not err in issuing the order ex parte.
La. C.C.P. art. 963 provides that “[i]f the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.” Rules 1.15 [8] and 1 B1.16[9] of the Rules of Professional Conduct entitle a former client to the return of the entirety of his files and any property belonging to a client as well as an accounting of such property. The Rules of Professional Conduct have the force and effect of substantive law. In re Tutorship of Prop. of Huddleston, 95-97 (La.App. 5 Cir. 4/25/95), 655 So.2d 416, 422.
In their petition, plaintiffs sought the “return of all of their complete files” and “return of escrow funds not properly accounted for.” Based upon the facts alleged in the petition, we find that Rules 1.15 and 1.16 of the Louisiana Rules of Professional Conduct clearly entitle plaintiffs to the relief awarded in the December 2, 2009 order. Therefore, we find the trial *717 court did not err in issuing the December 2, 2009 order ex parte.

Contempt Proceedings

Louisiana Code of Civil Procedure article 191 states: “[a] court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law.” The court’s inherent power includes the power to punish for contempt. In re Jones, 10-66 (La.App. 5 Cir. 11/9/10), 54 So.3d 54, 58, writ not considered, 10-2738 (La.2/4/11), 56 So.3d 979. Contempt of court is “any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.” La. C.C.P. art. 221. Willful disobedience of any lawful judgment, order, mandate, |7writ, or process of the court constitutes constructive contempt of court. La. C.C.P. art. 224. To find a person guilty of constructive contempt, it is necessary to find that he or she violated the order of the court intentionally, knowingly and purposefully, without justifiable excuse. Billiot v. Billiot, 01-1298 (La.1/25/02), 805 So.2d 1170, 1174.
A contempt of court proceeding is either criminal or civil. Id. In a criminal contempt proceeding, the court seeks to punish a person for disobeying a court order, whereas in a civil contempt proceeding, the court seeks to force a person into compliance with a court order. Billiot, 805 So.2d at 1174. In this case, the trial court considered the issue of whether Faia should be punished for willfully disobeying the court’s December 2, 2009 order and it is therefore a criminal contempt proceeding. Id.
To constitute willful disobedience necessary for criminal contempt, the act or refusal to act must be performed with intent to defy the authority of the court. Id. A trial court is vested with great discretion in determining whether circumstances warrant holding a party in constructive contempt of court pursuant to La. C.C.P. article 224 for willful disobedience of a court order. Short v. Short, 12-312 (La.App. 5 Cir. 11/13/12), 105 So.3d 892, 896. On appellate review of criminal contempt proceedings, the reviewing court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude that every element of the contempt charge was proved beyond a reasonable doubt. Billiot, 805 So.2d at 1174.[10]
The testimony at the contempt hearing revealed a close relationship between plaintiff Michael Dazet and defendant Faia. Dazet and Faia shared office space for a period of time and defendants performed legal work for multiple property ^transactions, with Faia acting as the closing attorney, and collected money for title insurance policies and other fees. Defendants Faia and Faia & Associates also performed various other legal services for plaintiffs-companies, including drafting leases and promissory notes as well as representing at least one plaintiff-company in a civil lawsuit.[11]
The December 2, 2009 order at issue required Faia to return any client files still in his possession and to provide plaintiffs with an accounting in connection with *718 those files. At the contempt hearing, defendants put forth evidence showing they had provided plaintiffs with a portion of the requested documents (e.g., HUD statements, promissory notes, and title insurance policies) in connection with a disciplinary complaint Dazet filed against Faia in September of 2009. Further, on October 20, 2010, defendants again provided plaintiffs the same documents and also provided some additional documents, including emails exchanged between the parties and their office staff. However, defendants did not provide an “accounting” of each plaintiff-company as ordered by the trial court until April 11, 2011.
At the contempt hearing, defendants provided an affidavit, dated April 18, 2011, of a representative of Hunt Brothers of Louisiana, L.L.C., a computer programming and consulting firm. The affidavit stated Hunt Brothers performed work on Faia’s computer software to attempt to recover some escrow data lost and that not all data could be recovered without further damage to the system’s new data. The affidavit does not state when Hunt Brothers performed the work. At the contempt hearing, Faia testified that he used the data recovered by Hunt Brothers to create the accounting document provided to plaintiffs on April 11, 2011. Further, Faia testified to his position that Dazet and the other plaintiffs-companies already possessed nearly all requested documents. Faia introduced into evidence ^discovery responses provided by plaintiffs, demonstrating that plaintiffs already had possession of at least eighteen HUD statements or escrow documents requested. He further testified that, when Dazet moved out of the office space that he shared with Faia, Dazet removed some of Faia’s files; thus, Faia asserted that he could not return all of the files requested. The emails exchanged between the parties show that Faia told Dazet that he would not spend hours researching and looking for files or documentation that he believed Dazet and the other plaintiffs-companies had access to through the public record or in their own files.
At the conclusion of the hearing, the trial court found defendant Faia in contempt and ordered that he pay $2,500.00 in attorney fees in addition to the court costs incurred as a result of the contempt rule. The trial judge gave extensive oral reasons for his judgment. First, the trial judge found that the “accounting” provided did not satisfy the court’s order. However, the trial judge also stated that production of that same accounting within a reasonable period of time after the December 2, 2009 order would not constitute or support a finding of contempt. Rather, the trial judge found that the fourteen-month delay to produce such an accounting after ordered to do so is “a willful, an intentional, and contumacious disregard of a court order.” The trial judge found “intentional noncompliance” and stated “I do make this finding beyond a reasonable doubt. I have no doubt.”
The December 2, 2009 order specifically ordered Faia to produce an accounting. Although Faia did produce documentation from clients’ files, he produced no document purporting to be an “accounting” related to plaintiffs’ files until more than a year after he received service of the petition and order. Clearly, Faia understood the requirement of the order, as he arguably complied with same by producing the “accounting” documents introduced at the contempt hearing. However, Faia provides no just reason for his delay in providing the accounting to | inplaintiffs. The affidavit by Hunt Brothers, indicating that it performed restoration of computer data on Faia’s computer system, was not executed until April 18, 2011, and the affidavit indicates the work only took two days. *719 Further, Faia’s argument that he did not produce all requested information because plaintiffs already had possession of the documentation is irrelevant to the question of contempt.
The trial court ordered Faia to produce an accounting and he failed to do so until more than one year after he received service of the order. The trial court found this failure to be intentional, willful, and without justifiable excuse. Under the specific facts of this case, we find the evidence sufficient to support the trial court’s judgment and that the trial judge did not abuse his discretion in finding Faia in contempt for failure to provide an accounting as ordered.

Validity of Contempt Judgment

Faia claims that because plaintiff, Michael Dazet, passed away prior to the signing of judgment, the judgment is an absolute nullity. A judgment rendered in favor of or against a deceased party is an absolute nullity as to that party. Alonzo v. Chifici, 526 So.2d 237, 240 (La.App. 5 Cir.1988), writ denied, 527 So.2d 307 (La.1988). Accordingly, the March 2, 2012 contempt judgment is null insofar as it concerns plaintiff, Michael Dazet. However, as to the other named plaintiffs, the judgment remains valid. See Tauzier v. St. Patrick Parade Comm. of Jefferson, Inc., 01-1138 (La.App. 5 Cir. 1/29/02), 807 So.2d 1106, 1111.
As to the attorney fee award, however, we find the contempt judgment at issue erroneously awards the $2,500.00 in attorney fees. Attorney fees are not awarded generally in Louisiana unless authorized by statute or provided by contract. Rivet v. State, Dept. of Transp. and Development, 96-0145 (La.9/5/96), 680 So.2d 1154, 1160. An award of attorney fees is a type of penalty imposed not |nto make the injured party whole, but rather to discourage a particular activity on the part of the opposing party. In re Jones, 54 So.3d at 69. A contempt proceeding, however, is designed for the vindication of the dignity of the court rather than for the benefit of a litigant. City of Kenner v. Jumonville, 97-125 (La.App. 5 Cir. 8/27/97), 701 So.2d 223, 231.
La. R.S. 13:4611, in pertinent part, limits the punishment for contempt of court as follows:
Except as otherwise provided by law:
(1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of contempt of court therein, as follows:
[[Image here]]
(d) For any other contempt of court, including disobeying an order for the payment of child support or alimony or an order for the right of visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.
Therefore, La. R.S. 13:4611 allows a trial court to impose a “fine” of not more than five hundred dollars and such fine must be made payable to the court, not a party. In re Jones, 54 So.3d at 70. Where a trial court awards attorney fees in a contempt proceeding, this Court has found that “[w]e must determine from the record and judgment whether the attorney fee award was actually a fine” as contemplated under La. R.S. 13:4611. Id.
In his oral reasons for judgment, the trial judge stated that he based his award of $2,500.00 in attorney fees on the work performed by plaintiffs’ counsel. The trial judge found that defendants would not have provided the April 2011 accounting but for plaintiffs’ counsel filing the rule for contempt. He further found $2,500.00 to be a minimal award in light of the effort *720 put forth by plaintiffs’ counsel and the legal struggle to obtain the documents requested. The trial judge 112also specifically stated, “I’m not going to find that it [the contempt] is worthy of a fine, but I do believe he should pay the costs.”
Therefore, the trial judge in this case specifically declined to impose a fine under La. R.S. 13:4611. Accordingly, because the punishment for contempt of court does not allow recovery of attorney fees and because the trial judge in this case did not intend the award of attorney fees to be a “fine” as permitted under La. R.S. 13:4611, we vacate that portion of the judgment awarding to plaintiffs $2,500.00 in attorney fees.

CONCLUSION

For the reasons above, we affirm in part and vacate in part the trial court’s March 2, 2012 contempt judgment. We affirm the trial court’s finding of contempt and taxing of court costs[12] and vacate the portion of the judgment awarding to plaintiffs $2,500.00 in attorney fees.

AFFIRMED IN PART; VACATED IN PART

. Plaintiffs attached to their petition an exhibit listing each property transaction performed by defendants. Further, the attachment lists each plaintiff company and the work performed and, in some instances, the fees defendants received from that company. The exhibit further shows that defendant Faia represented plaintiff, Allstar Rentals LLC, in a civil lawsuit and drafted leases in connection with that company's property.

. Plaintiffs asserted that service on defendants was unsuccessful after six service attempts at Faia’s office address and five service attempts at Faia’s home address. At the contempt hearing, plaintiffs presented evidence to demonstrate that defendant Faia intentionally evaded service of process. The trial judge specifically stated that he did not consider whether Faia evaded service and that he did not give any weight to that testimony in his finding of contempt.

.Defendants initially filed an exception of vagueness, which the trial court ultimately denied on November 8, 2010. On that same date, defendants filed an Answer to plaintiffs’ petition.

. At the October 22, 2010 hearing, the trial judge issued an attachment for defendant Faia’s arrest for failure to appear at the contempt hearing. Defendant Faia filed a writ application to this Court. On November 16, 2010, this Court granted Faia's application, finding that the rule to show cause did not require Faia to physically appear at the hearing and that the trial court improperly issued an attachment for Faia's arrest.

. The second contempt hearing was initially set for January 28, 2011. However, the trial court continued the hearing because of an outstanding motion to recuse the trial judge. Defendants filed a motion to recuse Judge Windhorst, which was denied by Judge Sullivan on March 18, 2011. This Court denied defendants’ writ application on the recusal issue on May 12, 2011, and the Louisiana Supreme Court subsequently denied defendants’ writ application on June 22, 2011. The hearing on the contempt rule was re-set to October 17, 2011, but the trial court again continued the hearing in light of Mr. Dazet's unexpected death on September 27, 2011.

. Defendants, Gregory Faia, Faia & Associates, and Security Title of Louisiana, filed a Motion for Suspensive Appeal of "any and all judgments rendered in the above-captioned matter including, but not limited to, the Judgment signed March 2, 2012[.]” The trial court granted the motion for appeal. However, the only judgment before the Court in this appeal is the March 2, 2012, contempt judgment against Faia.

. The trial court issued the order on December 2, 2009, and the defendants received service of the petition and order on February 17, 2010.

. Rule 1.15(d) of the Louisiana Rules of Professional Conduct provides:
Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. For purposes of this rule, the third person’s interest shall be one of which the lawyer has actual knowledge, and shall be limited to a statutory lien or privilege, a final judgment addressing disposition of those funds or property, or a written agreement by the client or the lawyer on behalf of the client guaranteeing payment out of those funds or property. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

. Rule 1.16(d) of the Louisiana Rules of Professional Conduct provides:
Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. Upon written request by the client, the lawyer shall promptly release to the client or the client’s new lawyer the entire file relating to the matter. The lawyer may retain a copy of the file but shall not condition release over issues relating to the expense of copying the file or for any other reason. The responsibility for the cost of copying shall be determined in an appropriate proceeding.

. "We review a finding of criminal contempt employing the Jackson standard.” In re Jones, 54 So.3d at 67 (citing State in the Interest of R.J.S., 493 So.2d 1199, 1202 (La.1986)).

. Lydia Dazet, Michael Dazet’s wife, testified that Faia charged over $10,000.00 to Allstar RV Rentals for his representation in a civil lawsuit and in connection with drafting leases for the company’s property.

. See La. C.C.P. art. 1920; see also Hartz v. Indovina, 09-967 (La.App. 5 Cir. 4/27/10), 40 So.3d 253, 257, writ denied, 10-1222 (La.9/17/10), 45 So.3d 1050.