MARLENY MALDONADO

VERSUS

EL SABOR CATRACHO RESTAURANT, LLC
& ELSA MENDOZA

NO. 24-CA-146

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE OFFICE OF WORKERS' COMPENSATION
DISTRICT 7
STATE OF LOUISIANA
NO. 22-1021
HONORABLE SHANNON BRUNO BISHOP, JUDGE PRESIDING

November 27, 2024

**TIMOTHY S. MARCEL**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
Scott U. Schlegel, and Timothy S. Marcel

**AFFIRMED; EXCEPTION OF**
**NO CAUSE OF ACTION DENIED**
    **TSM**
    **SJW**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
MARLENY MALDONADO
Taylor M. Burnham
J. Casey Cowley
Imtiaz A. Siddiqui

COUNSEL FOR DEFENDANT/APPELLANT,
EL SABOR CATRACHO RESTAURANT, LLC
Connie P. Trieu

**MARCEL, J.**

In this worker's compensation suit, defendants El Sabor Catracho Restaurant, LLC and Elsa Mendoza appeal a judgment in favor of claimant Marleny Maldonado following a trial on the merits. Defendants have also filed an exception of no cause of action in this Court. For the following reasons, we affirm the judgment of the trial court and overrule defendants' exception.

BACKGROUND

This worker's compensation suit arises from an accident that took place at El Sabor Catracho restaurant on February 21, 2021. At that time, the claimant, Marleny Maldonado was working as a cook when she tripped and fell while carrying a large pot of soup off of the stove. Some of this hot soup landed on her right arm, right calf, and back causing third-degree burns. The occurrence of the accident is undisputed, though parties dispute its cause. For about a year following the accident, claimant received weekly cash payments of $500.00 from her employer.

On February 18, 2022, Ms. Maldonado filed a disputed claim for compensation with the Office of Worker's Compensation naming as defendants El Sabor Catracho Restaurant, LLC and its member/managers Jose Javier Rosales and Elsa Mendoza. On March 22, 2022, Mr. Rosales filed an answer to this compensation claim in which he claimed that El Sabor Catracho Restaurant, LLC was inactive and that he, the co-owner, had established a new LLC in 2019 for the restaurant's new location where the incident took place, Sabor Catracho 2, LLC. In his answer, Mr. Rosales admitted: 1) that Ms. Maldonado sustained an injury on the date set forth in the claim for compensation; 2) that Ms. Maldonado was his employee at the time of the alleged injury; and 3) at the time of the injury, Ms. Maldonado was performing service arising out of and in the course of her employment. Defendants filed no exceptions at that time. Counsel for defendants

continued to sign their motions "counsel for El Sabor Catracho" and answered and propounded discovery on behalf of El Sabor Catracho Restaurant, LLC.

On December 1, 2022, Ms. Maldonado filed a pre-trial statement with proposed stipulations, including the statement "MARLENY MALDONADO was employed by EL SABOR CATRACHO RESTAURANT, L.L.C., on February 21, 2021." On December 6, defendants El Sabor Catracho Restaurant, LLC and Elsa Mendoza submitted a pretrial statement wherein they stated, "[d]efendants adopt the stipulations set forth by the Claimant."

On March 30, 2023, the third day of trial, before the close of plaintiff's evidence, counsel for defendants made an oral motion for a directed verdict and/or a peremptory exception requesting that the case be dismissed because claimant did not file suit against Sabor Catracho 2, LLC, but rather against El Sabor Catracho Restaurant, LLC, an inactive LLC. The trial court overruled the exception and denied the oral motion for a directed verdict, and, in so doing, noted that the answer was filed by Mr. Rosales on behalf of Sabor Catracho 2, LLC, and that pleadings including motions to substitute counsel, a motion for continuance and the pre-trial statement were all filed on behalf of El Sabor Catracho Restaurant, LLC. Defendants sought supervisory review of the trial judge's ruling, which this court denied. (See 23-C-199, unpublished writ disposition.) Judgment was rendered in claimant's favor on May 2, 2023.

Even following trial, counsel for defendants continued to file motions on behalf of El Sabor Catracho Restaurant, LLC. Before this Court, counsel filed an appellate brief on behalf of EL SABOR CATRACHO RESTAURANT, LLC while at the same time assigning as error the trial court's denial of the directed verdict and overruling of the exception of no cause of action on the basis that El Sabor Catracho is a non-existent legal entity. In addition, appellant has filed with this court a peremptory exception of no cause of action asserting the same claims made

in the court below.  We address these assignments of error and this peremptory exception in our discussion below.

## DISCUSSION

*Motion for a Directed Verdict*

As an initial matter, parties concede that defense counsel incorrectly made an oral motion for a directed verdict pursuant to La. C.C.P. art. 1810 when the correct procedure for a nonjury case is a motion for involuntary dismissal under La. C.C.P. art. 1672.  We consider whether the trial court erred in denying the oral motion for involuntary dismissal.

An appellate court may not reverse a ruling on a motion for involuntary dismissal unless it is manifestly erroneous or clearly wrong. *Perkins v. Carter*, 09-0673 (La.App. 5 Cir. 12/29/09), 30 So.3d 862, 867.  La. C.C.P. art. 1672 provides in part:

> B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

Review of the record and the trial transcript before us indicates that appellant made the oral motion for involuntary dismissal before the plaintiff/claimant completed the presentation of her evidence, and did not subsequently re-urge the motion at the close of evidence.

The Supreme Court has held that the clear wording of La. C.C.P. art. 1672 indicates that the plaintiff must have completed the presentation of her evidence prior to the granting of an involuntary dismissal. *Taylor v. Tommie's Gaming*, 04-2254 (La. 5/24/05), 902 So.2d 380, 383.  The motion may be made either at the close of plaintiff's case or at the close of all of the evidence, but not at points in

between. *Id.* This is because the trial court is required to weigh and evaluate all evidence in order to determine whether to grant such a motion. *Id.*

In this case, the motion for involuntary dismissal was untimely because defendants moved for it prior to the close of claimant's arguments. Further, it was not re-urged at the close of evidence. We find no error in the trial court's denial of the motion.

*Peremptory Exception of No Cause of Action*

We address next defendants' peremptory exception of no cause of action raised both orally at trial and filed with their appeal in this Court. Our review of the trial court's ruling on the exception of no cause of action is *de novo* because the exception presents a question of law and the decision is based solely on the sufficiency of the petition. *Khoobehi Properties, LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La.App. 5 Cir. 3/29/17), 216 So.3d 287, 297, *writ denied*, 17-0893 (La. 9/29/17), 227 So.3d 288. The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Id.* The exception is triable only on the face of the petition, accepting as true the well-pleaded facts therein. *Dileo v. Harry*, 17-240 (La.App. 5 Cir. 12/13/17), 238 So.3d 549, 554

Upon *de novo* review, we find that the facts stated in the claim for compensation are sufficient to state a cause of action under the worker's compensation statutes. La. R.S. 23:1031(A) states, "[i]f an employee … receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts … hereinafter designated." In her Disputed Claim for Compensation form filed with the Office of Worker's Compensation, Ms. Maldonado alleges that she was injured sometime between 8:30 and 9:00 AM on February 21, 2021 by scalding hot soup while working as a cook at the El Sabor Catracho restaurant. While the facts in the petition are in and

of themselves sufficient to state a worker's compensation claim, we also note the multiple instances on the record where defendants stated that Ms. Maldonado was the employee of El Sabor Catracho Restaurant, LLC and admitted that the accident in question occurred at the restaurant. There were also numerous pleadings filed by counsel on behalf of El Sabor Catracho Restaurant, LLC, including a stipulation that plaintiff suffered a work-related accident while employed by El Sabor Catracho Restaurant, LLC.

## CONCLUSION

We find no errors in the trial court's decision to deny defendant's motion for a directed verdict / involuntary dismissal, nor in the decision to overrule defendants' peremptory exception of no cause of action. We find that claimant's petition states a cause of action for worker's compensation. Defendants' exception of no cause of action filed in this court is overruled. The judgment of the trial court is affirmed.

**AFFIRMED; EXCEPTION OF**
**NO CAUSE OF ACTION DENIED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-146

**E-NOTIFIED**
OFFICE OF WORKERS' COMPENSATION, DISTRICT 7 (CLERK)
HON. SHANNON BRUNO BISHOP (DISTRICT JUDGE)
IMTIAZ A. SIDDIQUI (APPELLEE)          TAYLOR M. BURNHAM (APPELLEE)          CONNIE P. TRIEU (APPELLANT)
MARK J. BOUDREAU (APPELLANT)

**MAILED**
J. CASEY COWLEY (APPELLEE)
ATTORNEY AT LAW
620 NORTH CARROLLTON AVENUE
NEW ORLEANS, LA 70119