Judge Edwin A. Lombard
The plaintiff, Independent Real Estate Investment Group, LLC, appeals the district court judgment of November 7, 2018, wherein the district court (1) granted the declaratory exception of insufficiency of service of process filed on behalf of Darnay Kastl, the heir to the Succession of Bronwyn Alfano, the named defendant in this matter; (2) granted the peremptory exception of no cause of action filed on behalf of Mr. Kastl; (3) dismissed the plaintiff's petition for declaratory and miscellaneous relief; and (4) denied Mr. Kastl's motion to cancel recordation of statement of lien and *421 privilege that was included within his pleading of exceptions. After review of the record in light of the applicable law and arguments of the parties, the district court judgment is affirmed in part and vacated in part.
Relevant Facts and Procedural History
On April 30, 2015, Ms. Alfano entered into a Bond for Deed with the plaintiff wherein Ms. Alfano's immovable property located at 315 North Bernadotte Street was sold to the plaintiff for the sum of $ 139,500.00 of which a portion was paid immediately and the balance was to be paid by installments as set forth in the Bond for Deed. See La. Rev. Stat. 9:2941. In January 2016, Debra Francis Dretar (plaintiff's sole manager-member) died. Shortly thereafter (in March 2016), the plaintiff's office was moved from the deceased Ms. Dretar's address at 3349 Ridglake Drive, Metairie, Louisiana to 5497 Canal Boulevard, New Orleans, Louisiana, the home of Kenneth Dretar, Ms. Dretar's Succession Administrator and plaintiff member.
Alleging that the plaintiff failed to make any of the required monthly payments after August 1, 2015, and subsequently failed to respond to the 45 day default notice mailed to the plaintiff on May 24, 2016, Ms. Alfano filed a "Cancellation for Bond for Deed" on October 5, 2016. No response was received from the plaintiff by Ms. Alfano. However, on November 3, 2016, the plaintiff filed and recorded a Statement of Lien and Privilege against the North Bernadotte property. Thereafter, Ms. Alfano died.
On February 3, 2017, the plaintiff (now under control of Mr. Dretar) filed a petition for a declaratory judgment and miscellaneous relief against Ms. Alfano seeking a declaratory judgment to void the Cancellation for Bond of Deed and to re-establish the plaintiff as the "rightful purchaser" pursuant to the Bond for Deed. The plaintiff asserted that the "Cancellation for Bond for Deed" was void because mailing the notice of default to the deceased Ms. Dretar's address in Metairie and did not constitute legal notice. Ironically, the plaintiff attempted to serve its petition on the deceased Ms. Alfano.
On August 30, 2018, in response to the plaintiff's petition for a declaratory judgment, exceptions of insufficiency of service of process and no cause of action were filed on behalf of Mr. Kastl. A motion to cancel the plaintiff's Statement of Lien and Privilege filed on the property at 315 North Bernadotte Street was improperly included in the filed pleading of exceptions.
After a hearing, the district court issued a judgment on November 7, 2018, granting the exceptions of insufficiency of service and no cause of action, dismissing the plaintiff's petition for declaratory judgment, canceling the Lis Pendens that resulted from the filing of the petition, and denying Mr. Kastl's motion to cancel the recordation of the statement of lien and privilege on the North Bernadotte Street property.
The plaintiff filed this timely appeal.
Applicable Law
When the grounds of the objections pleaded to in either a declinatory or peremptory exception can be removed by amendment of the petition or other action of the plaintiff, the judgment sustaining the exception shall order such an amendment within the time allowed by the court. La. Civ. Code Proc. arts. 932 and 934.
Discussion
On appeal, the plaintiff argues that by filing a motion in conjunction with the exceptions, Mr. Kastl submitted to the jurisdiction of the court and thereby cured the defects of the petition and service. This argument is meritless.
*422 The motion to cancel the plaintiff's Statement of Lien and Privilege in this proceeding was undisputedly improperly filed and the district court correctly denied the motion. Because Ms. Alfano was deceased when the plaintiff's petition was filed naming her as defendant and service of the petition was attempted, there was no cause of action and service was insufficient. Accordingly, the district court judgment is affirmed with respect to sustaining the exceptions and denying the defendant's motion.
However, pursuant to La. Code Civ. Proc. arts. 932 and 934, the plaintiff must be allowed the opportunity to amend its petition to name a proper defendant and effect service. Accordingly, the district court judgment dismissing the plaintiff's petition for a declaratory judgment is vacated and the matter is remanded to the district court.
Conclusion
The district court judgment is affirmed in part; vacated in part; and the matter is remanded for further proceedings.
AFFIRMED IN PART; VACATED IN PART; REMANDED.
LEDET, J., CONCURS WITH REASONS
I disagree with the majority's finding that the appellee, Darnay Kastl, did not make a general appearance, waiving his declinatory exception of improper service. Filing of a pleading constitutes a general appearance. See Dazet Mortgage Sols. LLC v. Faia , 12-486, p. 5 (La. App. 5 Cir. 4/10/13), 116 So.3d 711, 715-16 (observing that a party can waive an objection to the jurisdiction of the court by an appearance of record, which includes "filing a pleading, appearing at a hearing, or formally enrolling as counsel of record"). A motion is a pleading. See La. C.C.P. art. 852 (providing that "[t]he pleadings allowed in civil actions ... shall consist of petitions, exceptions, written motions, and answers").
Here, Mr. Kastl simultaneously filed both two exceptions-a declinatory exception of insufficiency of service and a peremptory exception of no cause of action-and a motion on the merits to remove the lien. By filing the motion, he made a general appearance.
Accordingly, I concur.