| | |
|---|---|
| MICHAEL COUSIN | NO. 21-CA-151 |
| VERSUS | FIFTH CIRCUIT |
| AMANDA COUSIN | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 761-838 C/W 797-938, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

December 23, 2021

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Stephen J. Windhorst

<u>**AFFIRMED**</u>
**SJW**
**SMC**
**JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
MICHAEL COUSIN
     Don C. Gardner

COUNSEL FOR DEFENDANT/APPELLEE,
AMANDA COUSIN
     W. J. LeBlanc, Jr.

**WINDHORST, J.**

Appellant, Michael Cousin ("Michael"), seeks review of the trial court's August 27, 2020 judgment granting appellee, Amanda Cousin's ("Amanda") oral motion for involuntary dismissal pursuant to La. C.C.P. art. 1672 and dismissing his petition to annul and/or revoke act of donation *inter vivos*. For the reasons stated herein, we affirm.

## PROCEDURAL HISTORY AND FACTS

The parties were divorced on May 11, 2018. On August 2, 2019, Michael filed a petition to annul and/or revoke an act of donation *inter vivos*. In his petition, he contended that the act of donation *inter vivos* of his undivided one-half interest in the community family home located at 5333 Canary Ansas Drive in Kenner to his wife Amanda should be annulled and/or revoked based on five separate grounds: (1) lack of donative capacity as a result of intoxication; (2) donation of his only real asset left him without sufficient income from his property to allow for his subsistence; (3) lack of consideration; (4) ingratitude; and (5) fraud, duress, or undue influence.

A bench trial was held on July 9, 10, and 14, 2020. After the presentation of Michael's case-in-chief, counsel for Amanda orally moved for ~~a motion for~~ involuntary dismissal pursuant to La. C.C.P. art. 1672. The trial court granted the motion for involuntary dismissal and dismissed Michael's petition to annul and/or revoke act of donation *inter vivos*. This appeal followed.[1]

## LAW and ANALYSIS

On appeal, Michael contends that the trial court erred in denying his petition to annul and/or revoke act of donation *inter vivos* of his undivided one-half interest in the community family home to Amanda. Michael contends that the trial court

---

[1] On August 27, 2020, the trial court also granted Amanda's oral motion for involuntary dismissal pursuant to La. C.C.P. art. 1672 of Michael's petition for nullity of judgment of divorce, a consolidated matter, and dismissed Michael's petition. In a consolidated appeal, 21-CA-150, Michael appealed this ruling.

disregarded the evidence in finding no merit to any of the five grounds argued for revoking and/or annulling the donation, and that the rulings are manifestly erroneous. We disagree with appellant's contentions.

A trial court's reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review unless they are manifestly erroneous or clearly wrong. Wooley v. Lucksinger, 09-571 (La. 04/01/11), 61 So.3d 507; Rosell v. ESCO, 549 So.2d 840 (La. 1989). When findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trial court's findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Robinson v. Board of Supervisors for University of Louisiana System, 16-2145 (La. 06/29/17), 225 So.3d 424, 430, citing Rosell, 549 So.2d at 844-845.

Under the manifest error standard, the trial court's factual findings can be reversed only if the appellate court finds, based on the entire record, no reasonable factual basis for the factual finding and the fact finder is clearly wrong. Baker v. PHC-Minden, L.P., 14-2243 (La. 05/05/15), 167 So.3d 528, 538. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, then the court of appeal may find manifest error even in a finding based on credibility. Robinson, 225 So.3d at 430. But where no such factors are present, and the fact finder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Id.; Bellard v. American Central Insurance Co., 07-1335 (La. 04/18/08), 980 So.2d 654, 672.

In a nonjury case, the defendant may move for an involuntary dismissal of the action against him after the close of the plaintiff's case. La. C.C.P. art. 1672 B.[2] The appropriate standard in determining whether an involuntary dismissal should be granted is whether the plaintiff has presented sufficient evidence in his case to establish his claim by a preponderance of the evidence. Treen Const. Co., Inc. v. Schott, 03-1232 (La. App. 5 Cir. 01/27/04), 866 So.2d 950, 954. The trial court has much discretion in determining whether to grant a motion for involuntary dismissal. Matherne v. Jefferson Parish Hosp. Dist. No. 1, 14-403 (La. App. 5 Cir. 12/16/14), 166 So.3d 297, 302, writ denied, 15-117 (La. 04/10/15), 176 So.3d 1032. An appellate court may not reverse a ruling on a motion for involuntary dismissal unless it is manifestly erroneous or clearly wrong. Id. On appeal, the issue to be resolved is not whether the finder of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Id.

Because an involuntary dismissal of an action pursuant to La. C.C.P. art. 1672 B is based on the "facts and law," a review of the substantive law applicable to Michael's case is necessary. See In re Fogg, 19-719 (La. App. 1 Cir. 02/21/20), 298 So.3d 291, 294; Lakeshore Chrysler Dodge Jeep, Inc. v. Windstream Communications, Inc., 17-841 (La. App. 1 Cir. 12/21/17), 240 So.3d 939, 943.

**Lack of donative capacity**

All persons have capacity to make and receive donations *inter vivos*, except as provided by law. La. C.C. art. 1470. There is a presumption that all persons are capable of donating their property by donation *inter vivos*. Id. Capacity to donate *inter vivos* must exist at the time the donor makes the donation. La. C.C. art. 1471.

---

[2] La. C.C.P. art. 1672 B provides:

B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

To have capacity to make a donation *inter vivos*, a person must be able to comprehend generally the nature and consequences of the disposition that he is making. La. C.C. art. 1477. A person who challenges the capacity of a donor must prove by clear and convincing evidence that the donor lacked capacity at the time the donor made the donation *inter vivos*. La. C.C. art. 1482 A. To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. In re Succession Barattini, 11-752 (La. App. 5 Cir. 03/27/12), 91 So.3d 1091. 1095; In re Succession of Dodson, 33,188 (La. App. 2 Cir. 03/03/04), 867 So.2d 921, 924. The issue of capacity is a question of fact. In re Succession of Burguieres, 00-147 (La. App. 5 Cir. 10/18/00), 802 So.2d 660, 667. The trial court's findings as to the issue of capacity will not be disturbed on appeal unless clearly wrong or manifestly erroneous. Allen v. Edmond, 18-1151 (La. App. 1 Cir. 05/14/19), 277 So.3d 359, 361. Thus, to annul Michael's *inter vivos* donation to Amanda, which is presumed to be valid, Michael had the burden of proving that it was highly probable that he did not generally comprehend the nature and consequences of the *inter vivos* donation of his undivided one-half of the community home to Amanda at the time of the *inter vivos* donation.

The trial court found that the testimony was consistent, with the exception of Michael's self-serving testimony, that on the morning of the donation, Michael did not appear to be intoxicated, he did not smell of alcohol, he did not have any difficulty in speaking, and he did not appear to be suffering any ill effects of any intoxication from alcohol or narcotics. The trial court further found that based on the testimony and case law interpreting the interaction between the witnesses, notary, and the parties (donor and donee), Michael was not "suffering from any intoxication, either from alcohol or narcotics, at the time he executed the donation." Finding no indication that Michael was intoxicated or lacked the requisite donative

capacity at the time the donation was made, and reasoning that Michael had not met his burden of proof, the trial court granted the motion for involuntary dismissal pursuant to La. C.C.P. art. 1672 B as to this theory of the case.

After a thorough review of the record, we agree. We can find no evidence offered by Michael to establish that he lacked the capacity to donate due to intoxication at the time of the donation. While there was evidence of his prior struggles with his addictions concerning alcohol, narcotics and gambling, the evidence falls well short of clear and convincing, or even a preponderance of the evidence. Accordingly, we find that the trial court's finding that Michael was not intoxicated at the time of the donation was a reasonable conclusion based on the evidence. We further find that the trial court was not manifestly erroneous in granting the motion for involuntary dismissal as to this theory of the case.

**Undue influence**

A trial court's findings as to the issue of undue influence is fact intensive and cannot be disturbed on appeal in the absence of manifest error. Allen, 277 So.3d 359; Succession of Dean, 17-155 (La. App. 1 Cir. 03/29/18), 247 So.3d 746, 753 (*en banc*), writ denied, 18-679 (La. 09/14/18), 252 So.3d 479.

La. C.C. art. 1478 provides that a donation *inter vivos* shall be declared null upon proof that it is the product of fraud or duress. Additionally, a donation *inter vivos* shall be declared null upon proof that it is the product of influence by the donee or another person that so impaired the volition of the donor as to substitute the volition of the donee or other person for the volition of the donor. La. C.C. art. 1479. A person who challenges a donation because of fraud, duress, or undue influence, must prove it by clear and convincing evidence. La. C.C. art. 1483. Thus, in order to annul the presumed valid *inter vivos* donation, Michael had the burden of proving that it was highly probable that the *inter vivos* donation was the product of influence

by Amanda that so impaired his volition as to substitute the volition of Amanda for his volition.

The trial court found that there was no testimony concerning fraud, duress, or undue influence with respect to Amanda and her relationship with Michael. Rather, the trial court found that evidence showed that Michael "regretted the decision to donate" his undivided one-half interest in the community property to Amanda and Michael "would certainly like to undo that decision." The trial court found that the actions of Amanda that Michael mostly complained of were "post-donation." The trial court further held that "[t]he testimony at the time the donation was executed and at the time the donation was prepared, is actually consistent in that it was being prepared as an agreement between [Michael] and [Amanda] to, again, place the property beyond seizure at some point should a Judgment be rendered against [Michael] for some debt or other Judgment." The trial judge also stated:

> I also don't believe [Michael's] testimony when he states that he was not aware of the Act of Donation being prepared. The e-mail chain that has now been admitted into evidence . . . indicate[s] that the Act of Donation was part of an e-mail chain between [Michael] and [Amanda], and that the Act of Donation (indiscernible) [sic] an exhibit was attached to those emails. So, for those reasons I think [Michael] was fully aware of it. I find it hard to believe that [Michael] woke up on a Saturday morning, was presented with a document to give away half of his home and said, sure I'll sign that, without having any prior knowledge of that document. So, I think this was an action that was contemplated by the parties in concert, and was not the product of fraud, duress or undue influence.

Accordingly, for the reasons stated, the trial court granted Amanda's motion to dismiss this theory advanced by Michael.

Upon review of the testimony and evidence, we find that the trial court's conclusions were reasonable and therefore, the trial court was not manifestly erroneous in granting the motion to dismiss as to this theory.

**Donation *inter vivos* of entire patrimony**

A donation *inter vivos* shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence. La. C.C. art. 1498.

The trial judge found that this theory was "for the most part" abandoned. He found that the evidence showed that Michael had other assets including an ownership interest in the family business, "Sunbelt." Additionally, the trial judge noted Michael's mother, Linda, testified that she was paying Michael's bills with respect to the children and that she was a source of monetary assistance to Michael in addition to any funds he received from the family business. The trial court found that Michael did not meet the necessary standard for revoking or annulling the donation based on the evidence as to this theory, and therefore, granted the motion for involuntary dismissal.

Considering the evidence submitted, the trial court's finding that Michael had other assets, including an ownership interest in the family business was reasonable. Accordingly, we find the trial court was not manifestly erroneous in finding that Michael did not meet his burden of showing that he had divested himself of his entire patrimony such that he did not have enough for subsistence and granting the motion for dismissal.

**Lack of consideration**

Although the donation stated "in consideration of the natural love and affection which he has for his wife, Amanda Fransen Cousin," the trial court found that "the real consideration behind the donation was the interest of both [Michael] and [Amanda] to put the property beyond seizure. That seems to be the actual motivation." Based on the testimony, the trial court found that Michael did not meet his burden of proving lack of consideration and granted Amanda's motion for dismissal.

A donation *inter vivos* is governed by La. C.C. art. 1541, which provides, "A donation *inter vivos* shall be made by authentic act under the penalty of absolute nullity, unless otherwise expressly permitted by law." See La. C.C. art. 1833. Michael does not challenge the form of the donation *inter vivos*. Upon review of the record, the trial court's finding concerning the consideration for donating the community home was reasonable and was not manifestly erroneous. We find the trial court was not manifestly erroneous in granting Amanda's motion to dismiss finding that Michael did not sustain his burden.

**Ingratitude**

A donation *inter vivos* may be revoked because of ingratitude. La. C.C. art. 1556. Revocation of a donation for ingratitude may take place only (1) if the donee has attempted to take the life of the donor; or (2) if he has been guilty towards him of cruel treatment, crimes, or grievous injuries. La. C.C. art. 1557.

The trial court found:

> The type of cruel treatments (indiscernible) and grievous injuries contemplated by [La. C.C. art. 1557] far outweigh anything that has been testified to in this particular case. I think [Michael] has expressed in some . . . text messages . . .that he believes [Amanda] was not appreciative of his donation, which he confirmed in some of those text messages that he made to her, but there has been no cruel treatment or allegations of cruel treatment (indiscernible) grievous injuries sufficient to rise to the level of revocation under Article 1557. It's not anything close that the Court can find in the case law interpreting that Article.

Our review of the record shows that the trial court's conclusion that the evidence did not support a claim for revocation of the donation *inter vivos* based on ingratitude was reasonable and not manifestly erroneous. Accordingly, we do not find the trial court to have been manifestly erroneous or clearly wrong in granting Amanda's motion to dismiss.

**DECREE**

For the reasons stated above, we affirm the trial court's August 27, 2020 judgment granting Amanda Cousin's oral motion for involuntary dismissal pursuant to La. C.C.P. art. 1672 B, and dismissing Michael Cousin's petition to annul and/or revoke act of donation *inter vivos*.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 23, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 21-CA-151

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
DON C. GARDNER (APPELLANT)          LESLIE A. BONIN (APPELLEE)          W. J. LEBLANC, JR. (APPELLEE)

**MAILED**
ALBERT J. GARDNER, III (APPELLANT)
ATTORNEY AT LAW
6380 JEFFERSON HIGHWAY
HARAHAN, LA 70123